322        CITY OF CHICAGO *v.* FOWLER.        [Sept. T.,

Syllabus.   Opinion of the Court.

# CITY OF CHICAGO

*v.*

# HARRIET A. FOWLER.

1.  OBSTRUCTION OF STREETS—*notice to the municipal authorities.*  In an action on the case against the city of Chicago, for negligence in permitting a portion of one of its streets to be obstructed by a rope stretched and attached to stakes set in the street, and failing to place.any sign of warning to protect travelers from the danger, by means of which the plaintiff, while traveling the street, was thrown from her carriage and severely injured, where there was no proof of actual notice to the city authorities of the obstruction, but it was proved that the street in question was one of the most fashionable and crowded thoroughfares in the city, the fact that the street was so obstructed for at least two days and nights previous to the accident, was regarded as sufficient, in view of the importance of the street and the throng of carriages and pedestrians that crowded it, to charge the city authorities with notice of the existence of the obstruction, and as affording them time to have provided against accidents by lighting the street or otherwise signaling the danger.

2.  NEW TRIAL—*excessive damages.*  While, in this case, a verdict for the plaintiff of $4400 was regarded by the court as much greater than they would have allowed, and the injury did not appear to them to be exclusively attributable to the accident, yet the damages were not considered so excessive as to warrant them in disturbing the verdict on that ground.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Mr. I. N. STILES and Mr. JOHN LEWIS, for the appellant.

Mr. E. W. EVANS, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case for negligence in permitting a portion of Michigan avenue to be obstructed by a rope stretched and attached to stakes set in the street, and failing to place any sign of warning to protect travelers from the danger, by means of which the plaintiff, while traveling this street, was thrown from her carriage and severely injured.

There was a verdict and judgment for the plaintiff for $4400. To reverse this judgment the defendant appeals.

The duty of an incorporated city to keep its streets and important thoroughfares free from obstructions, and in a safe condition for all persons who may use them, has been often discussed by this court, and we have no desire to add anything to what was said in *Browning* v. *The City of Springfield*, 17 Ill. 143 ; *City of Bloomington* v. *Bay*, 42 ib. 503 ; *City of Springfield* v. *Le Claire*, 49 ib. 476 ; *City of Chicago* v. *Johnson*, 53 ib. 91, and *City of Sterling* v. *Thomas*, ante, p. 264, and other cases.

The point in this case is, notice on the part of the city authorities of this obstruction. There was no actual notice proved, but it was proved that the street in question was one of the most fashionable and crowded thoroughfares in the city, and that this guy rope had been there at least two days and nights, a time sufficiently long, when we consider the importance of the street and the throng of carriages and pedestrians who crowd it, for the authorities to have known of its existence, and to have provided means by lighting the spot, or otherwise to signal the danger. This question of notice by lapse of time was fairly left to the jury, and they have found in favor of appellee, and we can not say they erred in so finding.

We perceive no objection to the instructions, nor can we say, though the damages are much greater than we should have allowed, that they are so excessive as to warrant us in setting the verdict aside on that ground. The opinions of medical men as to the true condition of appellee after the accident, and the extent of the injury, were before the jury, and they have felt justified in placing a very high valuation upon an injury which does not appear to us to be exclusively attributable to this accident. Yet we can not say the injury was not quite serious, entitling appellee to the damages awarded.

The judgment must be affirmed.

*Judgment affirmed.*