## JOHN N. POWERS
## v.
## CITY OF CHICAGO.

1. MOTION TO EXCLUDE PLAINTIFF'S EVIDENCE.—A motion to exclude the plaintiff's evidence from the jury when he rests his case, is in the nature of and to be regarded as of the same effect as a demurrer to the evidence. The defendant thereby admits all that the evidence tends to prove and every legitimate reference which can be drawn from it.

2. SAME—NEGLIGENCE.—An action on the case by plaintiff against defendant city to recover damages for a personal injury. Plaintiff, while going to his dwelling, which abutted on a public street of the city, and while, as he claimed, in the exercise of reasonable care, slipped and fell, fracturing his thigh bone. It was alleged that the injury was caused by reason of the negligence of defendant, its agents and servants, in permitting one of its fire plugs, located near plaintiff's premises, to discharge large quantities of water in cold, freezing weather, which mixed with the snow and formed *ridges of ice, rendering the street and the ingress to plaintiff's premises bad and dangerous, of which defendant had notice before said injury. Held,* that under the evidence, as presented in this case, it was error for the court to grant the motion to exclude all of plaintiff's evidence and thus withdraw the case from the jury.

3. NOTICE OF OBSTRUCTION.—Whether an obstruction in the public highway has existed a sufficient time to imply notice to the city or not is a question which depends upon the circumstances of each particular case.

4. PRACTICE—EVIDENCE.—Where the court rules out successive preliminary questions and prevents a party from gaining an entrance upon a legitimate inquiry, it is denying to such party a substantial right and is prejudicial error.

APPEAL from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed August 6, 1886.

This was an action by Powers against the city of Chicago, to recover damages for a personal injury, viz., the fracturing of his thigh bone, by slipping and falling while going to his dwelling house, abutting upon a public street of said city called Haynes Court, and while, as he claimed, he was in the exercise of reasonable care, by reason, as it was alleged, of the negligence of defendant, its agents and servants, in permitting a certain fire plug of defendant, located near to plaintiff's premises, to discharge divers large quantities of water, in cold freezing weather, upon said street, so that by mixing with the snow and freezing, ridges or hammocks of ice were formed, which rendered said street or way and the ingress to plaintiff's premises bad and dangerous, of which the defendant had notice before said injury.

On the trial before a jury, under the plea of general issue, the plaintiff gave and introduced evidence, fairly and substantially tending to support the allegations of his declaration as respected the bad and unsafe condition of said street at and near the approach to his dwelling, and to show no want of ordinary care on his part to avoid being injured; also, that said street had been in such condition for about thirty-six hours prior to the accident, which occurred about four o'clock in the morning, February 21, 1883, in front and near to plaintiff's house, to which he was then returning, after having spent the night watching with the corpse of a deceased friend. The evidence tended to show that the ice was formed from water which had been permitted to flow from a city water plug located near the place and that the street there was, in point

of fact, in a bad and dangerous condition by reason thereof.
The plaintiff called as a witness, the city engineer, and he
testified that as such engineer he had charge of the fire hy-
drants in the city. He was then asked by plaintiff's counsel
to state what was the practice in reference to opening fire
hydrants during cold weather. To this defendant's counsel
objected generally, the court sustained the objection, and
plaintiff excepted. Witness was then asked by plaintiff's
counsel: "Do you, as city engineer, give any instructions in
regard to the management and control of fire plugs?" Upon
objection by defendant this was likewise ruled out, and plaint-
iff excepted. Plaintiff's counsel then asked: "Have you ever
given any instructions as to opening fire hydrants during cold
weather on Haynes Court?" Upon objection by defendant
that question was excluded and plaintiff excepted. Plaintiff
introduced evidence tending to show that agents of the water
department of the city, acting under the directions of the
foreman or superintendent of that department, inspected each
fire plug in the city every day in cold freezing weather.

The plaintiff, having given evidence tending to show the char-
acter of his injury, rested his case; whereupon the defendant's
counsel moved the court to exclude all of plaintiff's evidence.
The motion was granted, a verdict was returned in favor of
defendant, on which judgment passed, and for costs, against
plaintiff, who prosecutes this appeal.

Mr. F. P. READ, for appellant; that no notice of the exist-
ence of the obstruction in the highway was required because
it was caused or created by the act of the city itself, cited
Lloyd v. Mayor, 1 Seld. (N. Y.) 369; Grant v. City of Brook-
lyn, 41 Barb. 381; City of Chicago v. Johnson, 53 Ill. 91;
Brooks v. Somerville, 106 Mass. 271; Holmes v. Paris, 75 Me.
559; Grimes v. Keene, 52 N. H. 330; Dillon on Municipal
Corporations, § 1024.

As to whether the obstruction had existed a sufficient
length of time to warrant a presumption of notice, was a
question for the consideration of the jury under all the circum-
stances of the case: City of Chicago v. McCulloch, 10 Brad-

well, 459; City of Chicago v. Dignan, 14 Bradwell, 136; City of Chicago v. Fowler, 60 Ill. 332; City of Sterling v. Thomas, 60 Ill. 260; Home v. City of Lowell, 101 Mass. 99.

As to the court directing a verdict for defendant: Simmons v. C. & T. R. R. Co., 110 Ill. 340; Todd v. City of Troy, 61 N. Y. 506; Railroad Co. v. Stout, 17 Wall. 657.

Mr. Hempstead Washburne and Mr. Clarence A. Knight, for appellee; that appellant was not in the exercise of ordinary care, cited City of Centralia v. Krouse, 64 Ill. 19; Beach on Contributory Negligence, 256; City of Macomb v. Smithers, 6 Bradwell, 473; City of Quincy v. Barker, 81 Ill. 300.

McAllister, J. The motion to exclude the plaintiff's evidence from the jury when he rested his case, was in the nature of and to be regarded as of the same effect as a demurrer to the evidence. Phillips v. Dickerson, 85 Ill. 15.

The defendant thereby admitted all that the evidence tended to prove, and every legitimate inference which could be drawn from it. 85 Ill., *supra.*

The evidence preserved by the bill of exceptions, and which the court excluded by such motion, fairly tended to prove that the street and sidewalk, at the place in question, was in a bad and dangerous condition, not as a result of prevailing storms, but by reason of the flowing of water from a fire plug of the city, which could have been prevented by the exercise of reasonable care and diligence on the part of the municipal authorities, or as the result of acts of positive misfeasance by defendant's agents and servants. In such case, the defendant, if it had notice of the flowing of water and the obstructions, and neglected to abate the nuisance within a reasonable time, or the nuisance was caused by acts of misfeasance of its agents or servants acting within the scope of their authority, would be liable, upon well settled principles of law, to the plaintiff, if injured while in the exercise of ordinary care and as a proximate consequence of such obstructions. Cooley on Torts, 625, and cases in notes.

One of the grounds assigned by the court for granting the motion to exclude all of plaintiff's evidence, was that the obstructions had not existed a sufficient time to imply notice to the defendant.

As regards such question, every case must depend upon its own circumstances. In City of Chicago v. Fowler, 60 Ill. 322, the obstruction had existed but little longer than in this case, and the court, regarding the special circumstances, held it was a question for the jury, and their finding that there was notice, was conclusive. In the case at bar, the evidence tended to show that an agent of the city visited this 'fire plug every day during the cold weather, such as there was at the time in question. That was evidence to go to the jury upon the question of notice. Besides, the plaintiff endeavored to prove by the city engineer having the matter in charge, knowledge on his part, as chief of a department, as to what had been ordered and done with reference to the particular fire plug in question. To that end three successive preliminary questions were asked and each ruled out, so that plaintiff could get no starting point as to an inquiry which was material, legitimate, and which he had an undoubted right to make for the purpose of showing notice to defendant. Where the court thus rules out successive preliminary questions, and prevents a party from gaining an entrance upon a legitimate inquiry, it is denying to such party a substantial right, and is prejudicial error. Walker v. Chicago, 56 Ill. 280 ; Mably v. Irwin, 16 Bradwell, 362.

The evidence preserved in the record tended to prove the exercise of ordinary care on the part of the plaintiff, so that the question should have been submitted to the jury, and the court was not justified in excluding the whole evidence and thus withdrawing the case from the jury on the ground of contributory negligence on the part of plaintiff. It was not negligence *per se* for him to attempt, with due care, to go to his house over the icy way, there being no other way of getting to his house at that time which was reasonably available. Evans v. City of Utica, 69 N. Y. 166; Congdon v. The City of Norwich, 37 Conn. 414; Thompson on Negligence, 785–6.

It seems to us that there was evidence tending, in a substantial degree, to prove every element necessary to a cause of action. However that may be, the rulings of the court upon the several questions asked by plaintiff's counsel were erroneous. We think the plaintiff did not have a fair trial, and that a new trial should be granted.

The counsel for the city take the position that the plaintiff is remediless on this appeal, because the bill of exceptions does not expressly purport to contain all the evidence. Whether it did so purport or not, is wholly immaterial as regards the question of the improper exclusion of evidence. But it does purport to contain all the evidence reached by the motion to exclude, which is to be treated as a demurrer to evidence, and tested by the same rules. The judgment below will be reversed and the cause remanded for a new trial.

Judgment reversed.