# THE CALLENDER INSULATING AND WATERPROOFING COMPANY

## v.

## SHERIDAN S. BADGER.

*Sales—Warranty, Express or Implied—Instructions—Damages—Evidence—New Trial—Surprise.*

1. In an action to recover the price of wire manufactured and sold for a special use, in order to show that it did not serve the purpose desired it must appear that the trial to which it was subjected was a fair one.

2. In the case presented, the contest being as to whether certain wire for electrical purposes was properly laid and not damaged by any mechanical means, or was inherently defective, this court declines to interfere with the verdict for the defendant upon conflicting evidence.

3. The court below properly modified certain instructions asked by the plaintiff, so as to make the quality of the wire an independent question.

4. The appellant can not complain of an instruction given for appellee which is in effect the same as one asked by himself.

5. The measure of damages is the sum paid by the defendant for the goods if found to be of no value.

6. The court below properly denied a motion for a new trial on the ground of surprise, based upon an insufficient affidavit touching the absence from the country of a party in interest and the failure to take a nonsuit.

[Opinion filed March 13, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

Messrs. ADAMS & HAMILTON, for appellant.

The question of mechanical injury should have been left with the jury.

Conditions precedent must be strictly performed. Whether the article sold would have answered the warranty if the conditions precedent had been performed, is not proper to be left to the jury. Byers v. Chapin, 28 Ohio St. 300; Barney v. Giles, 120 Ill. 154; People v. Glann, 80 Ill. 232; Exhaust V. Co. v. C., M. & St. P. R. Co., 28 N. W. Rep. 343; Nichols v. Hail, 4 Neb. 210.

A new trial should have been granted on the ground of surprise. Goldstein v. Lowther, 81 Ill. 399.

Messrs. GREGORY, BOOTH & HARLAN, for appellee.

The case proceeded in the court below upon the theory that there was a sale with a collateral contract of express warranty. Benjamin observes (2 Sales, Section 929): " A warranty in a sale of goods is not one of the essential elements of the contract, for a sale is none the less complete and perfect in the absence of a warranty. But it is a collateral undertaking, forming part of the contract by the agreement of the parties, expressed or implied." There was in this · case originally not strictly a sale, but an executory contract entered into, by which the appellant agreed to furnish goods of its own manufacture to the appellee, which should be delivered some time in the future. The use which was intended to be made of the cable covered by this contract was well known to

the appellant at the time the contract was made, and in the absence of expressed warranty, the law would imply a warranty that the cable was reasonably fit for the use for which it was manufactured, and to which the appellee intended to put it.   2 Benjamin, Sec. 988.

This cable purported to be waterproofed and insulated, as appears by the evidence, and it might be, that, being sold by that description, this case would fall within the principle clearly stated and accurately applied in the case of Shields v. Reibe, 9 Ill. App.   That principle is there stated thus: " When the contract of sale is executory and the vendor agrees to sell an article by a particular description, as to the kind and quality, it is a condition precedent to his right to recover of the buyer the price, that the thing which he offers to deliver, or which he has delivered, should answer such description."   And therefore this court held that in such a case if the goods so sold were in fact worthless, and seasonable notice thereof had been given by the buyer to the seller, he might recover back the price paid, in an action for money had and received.   The same is held by the Supreme Court. Doane v. Dunham, 65 Ill. 512.

The case was tried on the part of the appellee on the theory that the cable was sold under a warranty that it was so insulated and prepared as to be fit for the purpose of transmitting an electric current to be employed in running electric lights, if laid properly underground.   It is apparent that this does not involve any claim that the cable would work perfectly; nor anything more than what might have been implied by law from the relations of the parties.

The question as to whether there was a warranty, and what its terms were, may be considered fairly as eliminated from this controversy, and it may be assumed that it was a fact not disputed at the trial, nor contradicted in any way by the evidence, that appellant warranted this cable fit for the purposes for which it was bought, and for which it purported to be manufactured.   It is not necessary that any particular form of words should be employed in order to constitute a warranty, nor that any formal instrument should be executed to express

Callender Insulating & Waterproofing Co. v. Badger.

such a contract.  Wheeler v. Reed, 36 Ill. 81; Thorne v. Mc-
Veagh, 75 Ill. 81; Robinson v. Harvey, 82 Ill. 58.

These authorities establish that where a representation is
made by a seller for the purpose of inducing a sale, which is
intended to be acted upon by the buyer, which statement is
an affirmation as to the quality of the thing sold for the pur-
pose of assuring the buyer of the truth of the fact affirmed,
and it is so received and relied on by the buyer, then there
is a warranty.

GARY, J.  This is an action by the appellants to recover
the price of a large quantity of wire, prepared for conducting
electricity, sold by them to the appellee.  The defense was
that the wire would not serve the purpose for which it was
prepared and sold, the appellants being manufacturers of it,
and that therefore, either under an express warranty, which
he claimed, or a warranty implied by law, the appellee was
not bound to pay for it, and might, under his pleas of set-off,
recover back what he had paid on account of it.  It seems to
make no difference whether the defense is based upon a war-
ranty of one kind or the other, as in legal effect they are the
same.  The evidence of what took place between the parties
is partly by letters, and partly testimony as to conversations,
but the sum of the whole is well expressed by the appellants:
"There should be no dispute about the terms of this contract.
The Callender Company guarantee that the wire is in good
condition, and, if properly laid and not damaged by any
mechanical means, is quite suitable for your work in every
way."  This is not the expression of a condition introduced
by the word "if," but a description of the character or quality
of the wire, and of the purpose it would serve.  The vendee
of an article manufactured and sold for a special use must
properly apply it to that use, if he would claim that when
applied, it did not serve.  There could be no proof that upon
trial it did not serve that use, unless it was shown that the
trial was a fair one.

The evidence makes it clear that in the hands of the appel-
lee the wire did not work.  The whole contest was whether

it was "properly laid and not damaged by any mechanical means," or was inherently defective. Upon that question there was a great deal of evidence before the jury. The use of electricity to produce light is a branch of science upon which the common experience of generally intelligent men gives them but little aid in appreciating the value or weight of testimony upon the subject. With less probability of not going wrong than with reference to matters of more common knowledge, can a court say that the verdict of a jury, upon conflicting evidence, as to the fitness of electrical apparatus, should be set aside. The verdict of the jury must be taken as conclusive upon the facts. The whole story of all the intercourse of the parties, and of the manner of placing, and of the working the wire when placed, was properly admitted in the evidence, and there are no errors in the action of the court upon questions of evidence.

It necessarily happens that in a long trial minor irregularities will occur. There will be lack of mathematical precision in the use of language, but nothing injurious in this regard appears in this record.

The only complaint in appellants' brief, upon the instructions, is that the court erred in modifying them. The appellants asked this:

"If the jury shall find, from the evidence, that the plaintiff sold to the defendant an amount of wire, insulated and waterproofed, for laying underground, with a conditional guaranty of the good working thereof, on the condition that it should be laid under the supervision of the plaintiff, or its servants under the plaintiff's directions, or on condition that the wire should be carefully and properly laid, without mechanical injury; and if the jury shall further find from the evidence (that the condition on which the guaranty was given was not performed or accepted by the defendant, through no fault of the plaintiff, then the plaintiff is relieved from said guaranty)."

The court struck out the part in parenthesis and added the following: "That the cable was fairly equal to conditional warranty, and that the plaintiff did not lay the wire, or that the wire was improperly and defectively laid by defendant,

Callender Insulating & Waterproofing Co. v. Badger.

through no fault of the plaintiff, then the plaintiff can not be held on the guaranty."

Another, the parts in italics being added by the court, is as follows: ·

"The jury are instructed that if they shall find from the evidence that the defendant undertook to lay the wire sold by plaintiff properly and carefully, and without mechanical injury, and that that was a condition on which the plaintiff undertook to guarantee the good working of said wire, then it is incumbent on the defendant to show, by preponderance of the evidence, that the wire was carefully and properly laid, without mechanical injury; otherwise the defendant can not maintain his action, or recover damages in this action, *unless the jury find, from the evidence, that the wire was not fairly equal to the warranty, if any, even if properly laid.*"

These instructions proceeded upon the theory that the character or quality of the wire itself was not a question in the case, unless it was properly laid, and without mechanical injury, and the modifications made that character or quality an independent question. Under the modifications the jury were required, in effect, to find for the appellee, if the wire was of such character or quality that no matter how it was laid it would not work.

The instructions were not consistent upon this question. The first and second for appellants were:

"The jury are instructed that in order to establish any defense to the plaintiff's claim in this action, the defendant must prove, with respect to the wire laid by him, not only that the wire was properly laid, but also that its failure to work was due to defects in the wire or its insulation.

"The jury are instructed that in order to establish, as a defense in this suit, the fact that the claim upon which this suit is brought was for certain wire and other goods furnished by the plaintiff to the defendant for the purpose of conducting electricity for illuminating and other purposes, but that said wire was not properly made, or was not fit for the purpose for which it was sold, the defendant must establish those facts by a preponderance of the evidence."

A verdict for the appellants, under that first instruction, could not have been sustained.

As before stated, the laying of the wire was not a condition, though if the jury found its failure to work was attributable to the manner in which it was laid or to mechanical injuries to it, they would not then have been justified in finding a breach of the warranty because it did not work.

The second instruction put the case to the jury correctly. If they, in finding for the appellee, had specially stated that they did so because the wire "was not fit for the purpose for which it was sold," the appellants could not have complained of the verdict as based upon a wrong principle, having themselves presented it to the jury as a guide.

The modifications of the court to the other instructions were, as against the appellants, in substance, right, for the double reason that they were correct in point of law and also followed the rule that they presented.

The damages are what appellee has paid for wire that the verdict decided was useless. If appellee was entitled to anything, it was not less than he had paid to the appellants.

The motion for a new trial on the ground of surprise, based upon the affidavit of Callender, was properly denied, not only because that affidavit is too vague and uncertain as to why he was not present at the trial, but also because at the trial the appellants did not offer to take a non-suit. At common law a plaintiff would not be permitted to take the chance of a verdict, and if lost, have a new trial on the ground of surprise, because he had it in his power to suffer a non-suit and sue again. 3 Gra. & W. N. T. 895. And without offering to dismiss his suit, he can not tell whether he will have the same privilege or not under Sec. 30 of the practice act, even though a plea of set-off be filed.

*Judgment affirmed.*