THE DUEBER WATCH CASE MANUFACTURING COMPANY

V.

PETER LAPP ET AL.

*Sales—Set-off—Discounts—New   Trial—Surprise—Newly   Discovered Evidence—Negligence.*

1.  A plaintiff can always avert the consequences of a surprise by moving for a continuance or dismissing his case, and to proceed with the case without doing so waives the surprise.

2.  In an action brought to recover for goods sold, a notice of set-off being filed setting forth a previous agreement touching discounts, this court holds that in view of such notice, the evidence introduced by the defendant can not be looked upon as a surprise, and that the plaintiff was negligent in failing to produce, upon trial, the contract relied on by it.

[Opinion filed February 12, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. R. W. CLIFFORD, Judge, presiding.

Mr. R. B. BACON, for appellant.

Mr. H. MUSGRAVE, for appellees.

MORAN, J. Appellant brought an action to recover for goods sold to appellees. Appellees filed a notice of set-off for certain discounts or rebates on goods sold to them by appellant under an alleged contract or custom of dealing which

had obtained between them. The trial was upon the claim of set-off, and resulted in favor of appellees. As to the facts upon the question of whether appellees were entitled to any set-off, and how much, there was a conflict in the evidence, but there was no error of law either in admitting or rejecting evidence, or in instructing the jury, and the verdict settled the dispute of fact in favor of appellees.

Appellant moved for a new trial on the ground that it was surprised by the testimony introduced by appellees, and that it has discovered evidence since the trial which would show that appellees were not entitled to the set-off allowed to them by the verdict. The only ground of surprise is that appellees testified to a certain agreement, which they claimed had been made by appellant's agent with them several years before the trial, and that appellant had been allowing them rebate under said agreement in all the dealings with them during the subsequent years.

Appellees had stated in their notice of set-off, that they would prove that they had dealt with appellant for many years, and had, during said time, purchased certain kinds of watch cases upon the understanding and agreement that if, at any time, appellant reduced its prices or increased its discounts on such watch cases to the retail trade a proportionate discount should be allowed to appellee on all such goods as they should have on hand at time of such reduction or discount, and that the goods sued for in this case were purchased upon such understanding and agreement. Appellant had thus distinct notice that appellees claimed the existence of such an agreement or understanding, and were bound to know that they would attempt to prove it. Furthermore, appellant, being a corporation, must have known that such a contract would have to be shown to have been made, if made at all, with its agent or agents in the dealings with appellees. The claim that appellant was surprised by appellees' testimony that the sale was under an old agreement, when, as appellant claims, appellees knew such old arrangement had been subrogated by a new and later one, must be met by the same answer. The notice of set-off informed appellant that such was appel-

lees' claim. The real surprise in this case seems to have been that appellees introduced evidence to support their notice of set-off, which evidence appellant was not able to rebut to the satisfaction of the jury. Such a surprise the defeated party sustains in most cases.

But the rule of law with reference to granting new trials on the ground of surprise is not as liberal in its application to plaintiffs as to defendants. A plaintiff can always avert the consequences of a surprise by moving for a continuance or dismissing his case. To proceed with the case is to waive the surprise. The fact that there was a plea of set-off did not prevent a motion to the court for leave to dismiss or to continue, and the court would have acted upon such motion as sound legal discretion should require.

If the discretion was wrongfully exercised to appellant's injury, it would be righted on review. The plaintiff can not be permitted to pass by the discretion of the trial court without invoking it, and take his chances on a verdict by the jury, and then require the court to set the verdict aside and give him another chance on the ground that he was surprised by defendants' evidence. This is clearly shown by the cases cited in appellees' brief.

As to the newly discovered evidence, it is cumulative in character, and not conclusive; but the most serious objection to granting the relief sought on that ground is the want of diligence shown in failing to have it at the trial. It is claimed that such evidence consists of a contract between the parties which took the place of the old arrangement between them and entirely put an end thereto. Appellant had full notice from the notice of set-off filed long before the trial that it should need just the evidence that is said to be found in this contract, to meet appellees' claim that the goods were bought under an arrangement that had been of many years standing.

Now its excuse for not producing it at the trial is not that its agent, who was attending to the trial, did not know of the contract claimed to be the newly discovered evidence, or that it was forgotten by him or other agents of the company, but

that " it was at the time of the trial hereof at the home office of the plaintiff in Newport, Kentucky, and plaintiff was not prepared upon the trial hereof to rebut the defendants' statement," etc. This not only fails to show diligence, but it shows absolute negligence in the preparation for trial by plaintiff's agents. No excuse whatever is shown or attempted, for the failure to inform plaintiff's attorney of the existence of this contract and placing it in his control to meet the appellees' case as they had put it on paper in the notice of set-off.

Negligence such as here appears, it has always been held, will defeat a motion for new trial on the ground of newly discovered evidence. A party moving on such ground " must show that he has been guilty of no negligence in not discovering and producing it upon the former trial. The relaxation of these rules would encourage litigation, and reward ignorance and carelessness at the expense of the opposite party." Champion v. Ulmar, 70 Ill. 322.

We think the affidavits made out no such case as required the court below to grant a new trial, and therefore no error was committed in refusing the same.

The judgment will be affirmed.

*Judgment affirmed.*