## THE CITY OF MURPHYSBORO
### v.
### JANE O'RILEY.

*Municipal Corporations—Personal Injuries—Defective Sidewalk—Notice—Evidence.*

1.   When a city has notice, either actual ,or constructive, of a defect in a sidewalk, it is its duty to see that it is made reasonably safe.

2.   In an action against a city for personal injuries sustained by reason of a defective sidewalk, proof that the walk was dangerous or unsafe is sufficient to render the city liable, without proof of notice to the city, before the injury, that the defect made the walk dangerous.

3.   In this action, it is held that the evidence warranted the jury in finding that the defect in the sidewalk existed a sufficient time to charge the city with constructive notice.

[Opinion filed October 8, 1890.]

APPEAL from the Circuit Court of Jackson County; the Hon. O. A. HARKER, Judge, presiding.

Messrs. A. B. GARRETT, City Attorney, HILL & MARTIN, and C. H. SUNDMACHER, for appellant.

This was a suit to recover for an alleged injury to the plaintiff by falling on the sidewalk in Murphysboro, an incorporated city under the general laws of the State.

It appears from the evidence that at the place where she received her injury the walk was practically new and in good repair; that the defect complained of was a broken plank near the outer edge of the walk, which, from the evidence, had not existed more than two or three days prior to the injury, and that the city had no notice whatever of such defect, prior to such injury. Such being the case, instructions Nos. 1 and 2, which were refused, should have been given, as in our opinion they correctly present the rule of the law that where a sikewalk is out of repair, before the city can be made liable for injuries received by reason of such defect, it must have notice thereof. Chicago v. Stearns, 106 Ill. 554; Pana v. French, 55 Ill. 318; Chicago v. Murphy, 48 Ill. 224; City of Joliet v. Walker, 7 Ill. App. 267.

Messrs. SMITH, MCELVAIN & HERBERT, for appellee.

"The question of notice and negligence on the part of appellant as well as appellee, was a question entirely for the jury." Joliet v. Walker, 7 Ill. App. 270.

The jury having solved that question in favor of appellee, a much larger amount as damages would have been sustained,

under the facts in this case.    Two hundred and fifty dollars is small compensation for the injury proven.

The two instructions refused to appellant are so defective that no one can seriously contend for them.    There are two fatal objections to the first one :

1st.    It would convey to the jury the impression that no recovery could be had unless the city had actual notice of the defect, whereas actual notice is not necessary.    Chicago v. Fowler, 60 Ill. 322.

The city is chargeable with notice if the defect existed for such a length of time as that it might have been known by the exercise of diligence.    Ibid.

What length of time would be sufficient to charge a municipal corporation with notice of a defect in a street or sidewalk, is a question of fact to be determined by the jury. Chicago v. McCulloch, 10 Ill. App. 459;  Chicago v. Dignan, 14 Ill. App. 128.

2d.    Neither was it proper to instruct the jury that the plaintiff must prove the city had notice of the " dangerous character of the defect."    There must be notice of the dangerous character of a defect when it is of such a nature as to not cause a reasonably prudent man to suspect it to be dangerous, or if the defect is of such a nature as to not put him on inquiry.    But where the defect is exposed as this was to public view, and was so patent, the instruction was erroneous. Joliet v. Walker, 7 Ill. App. 267.

Reeves, J.    Appellee sustained an injury upon a sidewalk of appellant, on account of which she recovered a judgment in the Circuit Court for $250.    Appellant seeks a reversal of the judgment, first, because the trial court refused two instructions asked by it.    They were: " 1st. In order to make the city liable for injuries caused by defective sidewalks it devolves upon the plaintiff to prove by a preponderance of the evidence that the city not only had notice of the defect, but the plaintiff must further show that the city had notice of the dangerous character of the defect, and that the plaintiff used ordinary care."    " 2d. The fact that plaintiff was injured by

falling on the sidewalk is not conclusive evidence that the city is liable for such injury, but before she can recover it must appear from the preponderance of the evidence that she was herself using reasonable care and precaution for her own safety, and that the city failed to use ordinary care; and if it is shown from the evidence that the sidewalk was defective it must further appear that the city had notice of such defect in time to repair the same." The objection to these instructions is that, as framed, they might lead the jury to believe that actual notice of the defect in the sidewalk to the city must be shown.

The first instruction would imply that the city was entitled not only to notice that the defect existed, but that it was dangerous. We take it that when the city had notice, either actual or constructive, of the existence of the defect, it became the duty of the city to look after it, and proof upon the trial that it was a dangerous or unsafe walk was sufficient, without proof of notice to the city before the injury, that the defect was such a one as rendered the walk unsafe. It is the duty of the city to see that its sidewalks are kept in a reasonable state of repair as to safety for persons using the same, and notice, either actual or constructive, of a defect in a sidewalk, is sufficient to put the city authorities upon inquiry as to whether the walk is reasonably safe for use or not.

Again, it is insisted that the evidence does not show that the appellant had either actual or constructive notice of the defect in the sidewalk which caused appellee's injury. The street upon which the sidewalk was laid is the most public street in the city, leading from the public square to three depots, and was used as much as any walk in the city, one witness says used more than any other except the one on the public square.

The walk was comparatively a new walk. The hole in the walk where appellee was hurt was caused by one of the planks breaking down and was about six inches deep and the width of the plank eight inches. Appellee was injured on Saturday night. One witness swears that he saw the hole in the walk on Thursday before the accident, another three or four days before the injury.

Another says that he noticed the break in the walk a week before the accident to Mrs. O'Riley. M'Ginnis testified that he stepped into the hole on Thursday morning before daylight, previous to the accident to Mrs. O'Riley. On the part of the defense it was shown by one witness that she saw a horse break the walk on Friday morning before Mrs. O'Riley's injury and by other witnesses that they did not notice the hole in the sidewalk until Friday before the accident. If the jury believed the witnesses who testified to seeing the hole in the walk a week before the accident to Mrs. O'Riley and the witness M'Ginnis, who testified that he stepped into the hole Thursday morning before, this testimony, taken in connection with the proof that this walk was used more than any other walk in the city save one on the public square, would seem sufficient to warrant the jury in finding that the defect existed a sufficient length of time before the injury to charge the city with constructive notice of the defect. The question of notice by lapse of time was fairly left to the jury and they have found in favor of appellee, and we can not say they erred in so finding. City of Chicago v. Fowler, 60 Ill. 322.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*