Kunkel v. City of Chicago.

## Bernard Kunkel, by Next Friend,
### v.
## City of Chicago.

*Municipal Corporations—Negligence—Personal Injuries.*

In an action brought to recover from a municipality for personal injuries alleged to have been occasioned by its negligence, this court holds that whether the time that had elapsed since the post holes which caused the injury had been empty was such as to constitute notice thereof to the city, was for the jury to decide, and that the judgment for the defendant can not stand.

[Opinion filed November 11, 1890.]

Appeal from the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Mr. George E. Swartz, for appellant.

No appearance for appellee.

Gary, J. Why the Superior Court directed a verdict for the defendant, the City of Chicago, we are not informed by the abstract, and the city has filed no brief. The record shows that on Johnson street was a plank sidewalk, six feet

wide, raised three or four feet from the ground, on the side of which, next to the traveled street, there had been a railing affixed to posts coming up through holes six inches square in the plank, near the edge of the sidewalk.

Some two months before the accident which is the subject of this suit, that railing, with the posts to which it had been affixed, had been removed by the owner of the lot fronting the place of the accident, leaving the holes which the posts had filled, open.

The plaintiff, a boy then six years old, was playing on the sidewalk, throwing and catching a "bean bag," and as the little girl playing with him threw the bag toward him it went too high for him to catch, and he stepped backward into one of the holes, and suffered the injury of which he complains in this suit. These facts made a case for the jury to pass upon.

The time that had elapsed since the posts had been removed made it a question for the jury whether the city had notice of the holes in the sidewalk. Chicago v. Fowler, 60 Ill. 322; Powers v. Chicago, 20 Ill. App. 178; both cases of days, instead of months, during which the defects had existed.

The question of the duty of the city toward children using the sidewalk as a place of recreation is settled in favor of the boy by Chicago v. Keefe, 114 Ill. 222.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*