## Bernard Kunkel, an infant, etc., v. The City of Chicago.

1. NEW TRIALS—*Absence of Witnesses.*—A party can not have a new trial because of the absence of witnesses, after taking his chances before the jury upon such evidence as he had.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed May 14, 1896.

OSCAR E. LEINEN, JOHN MAYO PALMER and ROBERTSON PALMER, attorneys for appellants.

ROY O. WEST, BENJAMIN F. RICHOLSON and WORTH E. CAYLOR, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

A six year old boy was hurt in a hole in the sidewalk through the negligence of the city.

See this case reported in 37 Ill. App. 325.

It may be conceded that on the last trial the court erred in regard to instructions touching the right of the appellee

to recover at all, but not as to any touching the measure of damages. The jury gave $250.

The appellee's arm was broken, but there is no evidence of permanent injury, not even of pain, except by inference that pain must ensue from an arm being broken. He incurred no expense.

The damages do not appear inadequate; the jury awarded what seemed to them, and seems to us, a fair compensation for the injury. The appellee asked for a new trial upon the ground that he did not expect the case would be tried in so little time as the trial occupied, and therefore did not have his witnesses all present, and the court would not wait. The court was not bound to wait, nor can a plaintiff have a new trial because of the absence of witnesses, after taking his chance before the jury upon such evidence as he had. Calender Co. v. Badger, 30 Ill. App. 314; Dueber Watch Co. v. Lapp, 35 Ill. App. 372.

The speculation from which, by the affidavit of the mother it appears that she expected so much, has failed, but no injustice has been done, and the judgment is affirmed.