## THE CITY OF CHICAGO

*v.*

## CAROLINE McGIVEN.

1. CITIES—*duty of, in constructing sidewalks.* A city is not required to have its sidewalks so constructed as to secure immunity from danger in using them; nor is it bound to employ the utmost care and exertion to that end. Its duty, under the law, is only to see that its sidewalks are reasonably safe for persons exercising ordinary care and caution.

2. SAME—*liability of, for defects in sidewalks.* The mere slipperiness of a sidewalk, occasioned by ice or snow, not being accumulated so as to constitute an obstruction, is not such a defect as will make the city liable for damages occasioned thereby.

3. EVIDENCE—*opinions of witnesses—experts.* The opinions of witnesses should not be received as evidence, where all the facts upon which such opinions are founded can be ascertained and made intelligible to the court or jury.

4. On questions of science, skill or trade, where the facts in issue are not themselves accessible by evidence, persons of skill, called experts, are, from the necessity of the case, permitted to give their opinions in evidence.

5. Whether glass placed in a sidewalk to afford light to the area below, is unsafe, by reason of the too great smoothness or slipperiness of its surface, is not a question of science or skill such as to render the opinions of witnesses admissible.

6. PRACTICE—*reading law to the jury, improper.* Counsel should not be permitted, in civil cases, to read law to the jury. It is for the court to instruct the jury as to the law governing the case, and not for them to determine it for themselves by having law books read to them.

78   347
35a  138
35a  296
35a  384
35a  633
37a  244

78   347
143  449

78   347
148  301

78   347
69a   70

78   347
75a  202

78   347
83a  481

78   347
88a  399

78   347
186  3559
89a   361
89a  2359

78   347
192  4513

78   347
208  3613
e208 3614

7. And it does not obviate the objection, that the reading is for the purpose of illustration only.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

Mr. T. Lyle Dickey, and Mr. Francis Adams, for the appellant.

Messrs. Hervey, Anthony & Galt, for the appellee.

Mr. Justice Sheldon delivered the opinion of the Court:

This is an appeal from a judgment against the appellant, the city of Chicago, rendered in the Superior Court of Cook county, in an action on the case, brought by Caroline McGiven against the city.

The declaration alleges that, on the evening of December 24, 1873, the plaintiff, while walking on the sidewalk in front of No. 511 Wabash avenue, in the city of Chicago, stepped on a piece of glass which was inserted in the walk, slipped, fell, and sustained injuries, etc.

It is insisted by appellant, the court below erred in admitting improper evidence for the plaintiff.

It appears from the evidence that a piece of glass, some 22x24 inches—a heavy piece of plate glass—was inserted in the sidewalk, the surface of the glass being even with the surface of the surrounding walk. The glass was placed in the sidewalk for the purpose of affording light to the area under the same. On this glass it is alleged that appellee slipped and fell. A number of witnesses were produced by the plaintiff, who gave testimony tending to show that the piece of glass was smooth, slippery, etc. Appellant admits that such testimony, as to the actual condition, etc., of the glass, was proper, and it was not objected to. But the plaintiff, besides, produced a number of architects, and against the objections of the defendant, which were overruled by the court, examined these architects as experts, and proved by them that, *in*

*their opinion,* a glass, such as that which the evidence showed was inserted in the sidewalk at No. 511 Wabash avenue, was unfit to be used as a part of the walk, and was unsafe for such use.

It is the admission of such opinions in evidence, to which the objection is taken.

The general rule is, that the opinions of witnesses are inadmissible as evidence; that they are to testify to facts, and the jury are to draw the inferences and form the opinions which are to govern the case. The present case is supposed to come within the exception to the rule, that, on questions of science, skill or trade, or others of the like kind, persons of skill, sometimes called *experts,* are permitted to give their opinions in evidence. But this is on the ground of necessity, when the facts in issue are not themselves accessible by evidence, and it is a matter of necessity to call in the experienced or instructed opinion of such witnesses.

The opinions of witnesses should not be received as evidence, where all the facts on which such opinions are founded can be ascertained and made intelligible to the court or jury. *Clark* v. *Fisher,* 1 Paige, 174; *Mayor, etc., of New York,* v. *Pentz,* 24 Wend. 668; *Linn* v. *Sigsbee,* 67 Ill. 75.

Why was not the glass here, safe? Because of the slipperiness of its surface, especially when there was a little snow upon it.

The question whether the glass was unsafe, by reason of the too great smoothness or slipperiness of its surface, was not a question of science or skill. The decision of that question required no special knowledge, and it was easily determinable by the jury, upon a sufficient description of facts pertaining to the glass, and the use of it in a sidewalk, being given by witnesses. We do not perceive why mere proof of the naked facts could not enable the jury themselves to draw the inference whether the glass was safe or unsafe.

The real question for the jury was, not whether the glass was safe, but whether it was reasonably safe. The not im-

probable effect of obtruding upon the jury the opinions of these architects, that the glass was unsafe, might be that the jury would regard them as deciding the whole question, and so accept them, and repose on them as such, without further inquiry and deciding for themselves, whether the sidewalk might not have been reasonably safe. *Chicago and Alton Railroad Company* v. *Springfield and Northwestern Railroad Company,* 67 Ill. 143.

We think these opinions should have been excluded.

Another point urged by appellant for the reversal of the judgment is, that the counsel for the plaintiff, in the argument to the jury, was permitted by the court, against the objection of the defendant, to refer to and read to the jury from adjudged cases of a similar character. The bill of exceptions shows that counsel thus read to the jury from two pages of one opinion, and read pages of two other opinions in cases decided, two of them by this court, and the other by the Supreme Court of another State. This was a deliberate violation of the rule which has heretofore been laid down by this court upon the subject. *Tuller* v. *Talbot,* 23 Ill. 357 ; *Sprague* v. *Craig,* 51 Ill. 289.

It was there laid down as the correct practice in civil cases, never to permit counsel to read authorities to the jury ; that it was for the court to instruct the jury as to what the law is which governs the case, and not for the jury to determine it for themselves, by having law books read to them—that they must take the law from the court. But counsel say that reference was made to the cases only by way of illustration, and insist the practice was justified by the decision in *Tuller* v. *Talbot, supra;* that there was no error there, as it was there said that reference was only made to adjudged cases, for illustration. But it appears that that was all which was done in that case, it being there distinctly stated that it did not appear that counsel read law to the jury, or read from adjudged cases. Whatever may be avowed by counsel as the purpose

for which authorities are read, that does not obviate the effect
of reading them.

We have examined the parts of the opinions read in the
present case, and can see that they were, beyond question,
read to influence the minds and the verdict of the jury, being
well calculated to that end.

The court erred in overruling the objection to the reading
thereof, and permitting the same.

The refusal to give the following instruction, which was
asked by the defendant, is assigned for error:

"That, if the sidewalk in question was constructed in a
proper manner, sufficiently level and smooth for ordinary
travel, without obstructions, and so built that it would not,
by reason of any peculiarities of its construction, cause snow
or ice to accumulate thereon, and if there was no accumula-
tion of snow or ice thereon, and the accident was attributable
solely to the slippery condition of that part of the sidewalk,
occasioned by a recent fall of snow, and that the sole cause
of the accident was the temporary slipperiness of that part
of the sidewalk caused by the recent fall of snow thereon,
and that, in the absence of snow or ice, that part of the side-
walk, in its ordinary condition, was not unreasonably unsafe,
such condition of the sidewalk would not be a defect for
which the city would be liable."

The circumstances of the accident in question were, that
the plaintiff, who was 66 years of age, on the evening of the
24th of December, 1873, had been visiting at her brother's,
617 Wabash avenue. There had been a very light fall of
snow during the evening. About 10 o'clock in the evening,
she left for home, with her husband. They walked along
upon the sidewalk together, she not having hold of her hus-
band's arm, but had her arms wrapped under her cloak. She
slipped upon the glass and, as she testifies, "I came down on
my hip. My arm not being out, I could not help it."

The distance between the glass and the stairs leading down

to the basement of the building it is in front of, is two feet eight and a half inches, there being iron balusters to the stairs. The distance between the outer edge of the glass and the curb-stone is fifteen feet. There was evidence tending to show that the glass, in the absence of snow, was safe.

The mere slipperiness of a sidewalk, occasioned by ice or snow, not being accumulated so as to constitute an obstruction, is not such a defect as will make the city liable for damage occasioned thereby. *Stanton* v. *City of Springfield*, 12 Allen, 566; *Nason* v. *City of Boston*, 14 id. 508; *Cook* v. *Milwaukee*, 24 Wis. 270; *Ward* v. *Town of Jefferson*, id. 342; *Cook* v. *Milwaukee*, 27 id. 191.

Where there is snow upon a sidewalk, and it is rendered slippery, there is liability to accidental injury from slipping and falling, in the case of the best constructed walks. There is, at such times, imposed upon pedestrians the necessity of exercising increased care and caution. No doubt, from the evidence, there was a greater liability to accidents of this character, upon the portion of this sidewalk composed of glass, than upon any other part of the walk, and that it was by reason of the material so used, and that this increased exposure to danger might have been obviated by a change of material.

But a city is not required to have its sidewalks so constructed as to secure immunity from injury in using them; nor is it bound to employ the utmost care and exertion to that end. Its duty, under the law, is only to see that its sidewalks are reasonably safe,—and reasonably safe for persons exercising ordinary care and caution in using them.

The instruction supposes that the sidewalk, in its ordinary condition, was not unreasonably unsafe.

We are of opinion that, under the hypotheses of the instruction, the sidewalk should be regarded as reasonably safe for persons in the exercise of ordinary care and caution, and that the instruction should have been given.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*

Mr. CHIEF JUSTICE SCOTT: I dissent to both the reasoning and the conclusion of this opinion, except so far as it holds it was improper to read law to the jury. I concur in that part of the opinion. But, as the error was one that did not affect the merits of the case, I am of opinion the judgment should be affirmed. The glass in the sidewalk was a dangerous structure, and one that could not be seen in the night time so as to be avoided by one although observing ordinary care for his personal safety.