## Martha Mareck v. The City of Chicago.

1. CITIES AND VILLAGES—*Accumulations of Snow and Ice upon Side-walks.*—Mere slipperiness of a sidewalk occasioned by ice or snow, not being accumulated so as to constitute an obstruction, is not such a defect as will render a city liable for damages occasioned thereby.

2. SAME—*When Ice and Snow Do Constitute Obstructions.*—An obstruction of a sidewalk caused by an accumulation of snow and ice in uneven ridges or hillocks, so as to render passage dangerous if negligently permitted to remain, may render a city liable for injuries caused thereby.

3. SAME—*Duty to Prevent Accumulations of Ice and Snow—A General Rule.*—A municipality can not prevent the general slipperiness of streets, caused by snow and ice during the winter, but it can prevent such accumulations in the shape of ridges and hills as render their passage dangerous.

4. INSTRUCTIONS—*Not to be Based upon a Hypothesis Unsupported by the Evidence.*—An instruction should not be given which is based upon a hypothesis of fact which has no support in the evidence.

**Action on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the October term, 1899. Reversed and remanded. Opinion filed June 14, 1900.

**Statement.**—This suit was brought by appellant to recover damages for injury sustained by falling upon a sidewalk of appellee. The cause of the fall, as alleged, was an accumulation of snow and ice upon the walk. The ground of action, as presented by appellant's *narr.*, is, in substance, that heaps or accumulations of snow and ice had been negligently permitted to remain upon the sidewalk in question; that such accumulation constituted an obstruction to travel; that the obstruction caused the injury complained of; that the city had notice of the obstruction and failed to perform its duty by removing the same; and that the appellant was in the exercise of due care for her own safety when thus injured.

Appellee interposed the general issue. The trial resulted in a verdict finding appellee not guilty. From judgment upon that verdict this appeal is prosecuted.

Samuel C. Irving and Daniel V. Gallery, attorneys for appellant.

Andrew J. Ryan, attorney for appellee; James J. Kelly, of counsel.

Mr. Presiding Justice Sears delivered the opinion of the court.

Inasmuch as another trial of this cause must be awarded we will not discuss the evidence at length. It is enough to say that the evidence is such that it can not be said that the appellant may not recover. The contention of counsel for appellee that the judgment should be affirmed irrespective of errors of procedure, because no recovery could in any event be sustained, is not tenable. It is true, as argued, that mere slipperiness of a sidewalk, occasioned by ice or snow, not being accumulated so as to constitute an obstruction, is not such a defect as will make the city liable for damages occasioned thereby. City v. McGiven, 78 Ill. 347; City v. Barker, 81 Ill. 300; 2 Dillon on Municipal Corp. (4th Ed.), Sec. 1006.

But it is also true that an obstruction in a sidewalk caused by an accumulation of snow or ice in uneven ridges or hillocks, so as to render passage dangerous, if negligently permitted to remain, may render a city liable for injury thereby caused. City v. McGiven, 78 Ill. 347; City v. Barker, 81 Ill. 300; Village v. Johnson, 4 Ill. App. 288; City v. Smithers, 6 Ill. App. 470; Aurora v. Parks, 21 Ill. App. 459; Luther v. City, 97 Mass. 268; Morse v. City, 109 Mass. 446; Cook v. City, 24 Wis. 270; Paulson v. Town, 79 Wis. 445. Thompson v. Village, 47 N. Y. Sup. 1033; McLaughlin v. City, 77 Pa. St. 109; Wyman v. City, 175 Pa. St. 117.

The general rule is concisely stated by the Pennsylvania Court :

" A municipality can not prevent the general slipperiness of its streets, caused by snow and ice during the winter, but it can prevent such accumulation thereof in the shape of ridges and hills, as render their passage dangerous."

In some of the decisions cited the test seems to be as to

whether the condition is the result of natural causes, depositing the snow and causing the ice, or the result of artificial causes in changing the natural deposit into ridges and hillocks, or the result of structural defects in the walk upon which the deposit of snow or ice is lodged. In other cases it would seem that the criterion adopted is as to whether the uneven accumulation of snow or ice amounts to an obstruction to travel, without any very definite rule by which to determine what is or is not an obstruction—a question of fact necessarily within the province of a jury. But all authorities agree that while mere slipperiness, caused by snow and ice, will not of itself impose liability, yet uneven ridges or hillocks of snow or ice, when they amount to an obstruction to travel, and are negligently permitted to remain, may impose liability.

We have, then, to inquire as to the errors assigned in matters of procedure, and these go only to rulings upon instructions to the jury.

The fourth and twelfth instructions tendered by appellee and given by the court, relate to notice. The fourth instruction is as follows:

"The jury are instructed that although you may believe from the evidence that the plaintiff's alleged injury was caused by an accumulation of ice or snow which amounted to an obstruction to travel, yet such obstruction in itself will not render the city liable for such alleged injury. In order to find the city of Chicago guilty of negligence on account of such obstruction, you must believe from the evidence not only that such obstruction existed at the time and place of the accident, but you must also believe from a preponderance of the evidence in this case that the city of Chicago either had direct notice of such obstruction given to one of its officers having charge or oversight of the place in question, or that the place had been so obstructed for a time sufficiently long for the city of Chicago, in the exercise of reasonable care, to have discovered it and removed it before the accident."

And the twelfth instruction is substantially the same.

The substance of this instruction, so far as it relates to direct notice, has been considered by this court in Lundon v. City, 83 Ill. App. 208, and it was there held that the

Mareck v. City of Chicago.

limitation of any direct notice to such as might have been given to an officer "having charge or oversight of the place in question," was erroneous. The court, through Mr. Justice Freeman, said :

"The city has no right to claim exemption upon the ground that some particular officer has not been notified of the dangerous condition of the sidewalk. It is the duty of the city's representatives, as, for example, its police or other employes, to notify the proper officer, whose duty it is to repair," etc.

The seventh and fifteenth instructions are alike in substance. Aside from the fault in each that it makes the instructions of the court, as well as the evidence, the grounds from which the jury are to find facts to be established, they are faulty as constituting repetition. The practice of emphasizing by repetition tends to prejudice the rights of litigants. A matter thus emphasized by repetition is likely to impress the jury as being of especial importance for their consideration. We are not prepared to hold, however, that such repetition would of itself constitute reversible error in every case.

The eleventh instruction in effect tells the jury that if they believe from the evidence that appellant at the time of the injury was intoxicated, and that such intoxication contributed to the injury, then there could be no recovery.

The instruction was good as matter of law, provided the evidence warranted the giving of it; but we are of opinion that there was not evidence in this case upon which to base any such theory of defense. The evidence is that appellant had taken one glass of beer during the evening, and that she was accustomed occasionally to drink a "little beer." There is not a scintilla of evidence that the drinking of this glass of beer had any effect whatever upon appellant at the time in question. If the jury had returned an answer to a special interrogatory, had one been submitted, finding that the appellant was intoxicated, and that her intoxication contributed to the injury, such finding would have been absolutely without support in the evidence, and it would have been the duty of the court to have disregarded it.

In Aurora v. Hillman, 90 Ill. 61, the court said:

" The further fact that he himself had drank one glass of beer while there will hardly justify the conclusion that he was drunk. * * * We think both of the instructions might properly have been refused on the ground there was no evidence tending to show appellee was intoxicated."

.It is scarcely necessary to cite authorities upon the proposition that an .instruction should not be given which is based upon a hypothesis of fact which has no support in the evidence. .

For the error in the giving of the fourth and eleventh instructions, the judgment is reversed and the cause is remanded.