## Johanna Metzger v. The City of Chicago.

1. SIDEWALKS—*Slipperiness Caused by Snow and Ice.*—Mere slipperiness of a sidewalk occasioned by ice or snow, not being accumulated so as to constitute an obstruction, is not such a defect as will make the city liable for damages occasioned thereby.

2. ORDINARY CARE—*When Absence of Evidence of Fault Will Justify Inference of.*—When the circumstances attending an accident are in evidence, the absence of evidence of fault on the part of the injured party will justify an inference and be accepted as proof of the exercise of ordinary care.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed October 24, 1902.

Appellant sued to recover for personal injuries received from a fall on a sidewalk. The cause was submitted upon the plaintiff's evidence. The jury returned a verdict finding appellee not guilty, and from the judgment entered in accordance with the finding this appeal is prosecuted.

The accident occurred in the forenoon of December 12, 1898, upon the sidewalk extending along the south front of the city hall and county building on Washington street, Chicago. There was a drinking fountain used to water horses at the edge of the sidewalk not far from the south entrance to the city hall. Evidence was introduced tending to show that at the time of the accident the weather was severely cold, and that there was a thin coating of ice on that part of the sidewalk, and extending from three to five feet from the edge of the walk, caused, it is said, by the overflow of water. The fountain was not running at the time of the accident. Appellant states that she did not see the ice upon which she says she slipped and fell, there being, it is said, a light " flurry " of snow, which served to conceal it. The snow was not, however, thick enough in some places to cover the sidewalk. The entire fall of snow that day, according to testimony from the weather bureau, amounted to only eight-tenths of an inch. One of the flag-

stones of which that part of the sidewalk was composed, was broken longitudinally in the center, forming a slight depression extending east and west along the walk three or four feet from the fountain. In this depression there was ice two or three inches deep, forming a level surface. The sidewalk at that point was at least sixteen feet wide.

F. H. TRUDE, attorney for appellant.

ANDREW J. RYAN, City Attorney, for appellee; WILLIAM L. GAHAN, of counsel.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

It is urged in behalf of appellant that the city is liable for failure to exercise reasonable care to keep the sidewalk in repair and free from a dangerous obstruction. It is not claimed that the city had actual notice of the existence of the broken stone or of the ice on the walk. It is urged, however, that it had constructive notice, not because of any evidence tending to show how long the ice had been there, but because, since the alleged obstruction was about eighty or ninety feet from the entrance to the city hall, it should be presumed that " its existence must in the natural course of events have been known to the officials of appellee." The evidence, however, does not show the existence of anything like an obstruction to the use of the walk. It shows that upon the edge of a sidewalk at least sixteen feet wide, there was ice extending from three to five feet from the outer edge of the walk. This rendered it necessary for one passing close to the fountain where the ice was and where it might naturally be expected to be, to use more care. But as is said in Mareck v. City of Chicago, 89 Ill. App. 358, " mere slipperiness of a sidewalk occasioned by ice or snow, not being accumulated so as to constitute an obstruction, is not such a defect as will make the city liable for damages occasioned thereby." The formation of ice on the sidewalk in this climate is an ordinary incident of winter experience. It occurs in cold weather wherever water gets on a walk

from any cause, whether from melting snow, a pipe suddenly bursting, a fire engine or a drinking fountain. It can not ordinarily be prevented, and we do not think it material as affecting the city's liability, whether the water so frozen comes from one or another of such sources. It would not be seriously contended where the sidewalk and street are covered with ice caused by the freezing of water from a fire engine or hose used to put out a fire, that the city is liable to one injured by slipping on such icy street or sidewalk, before an opportunity had been afforded to clear the street. Nor do we think it can be held liable where water is splashed over or escapes from a drinking fountain on the edge of a walk—an entirely proper thing for a city to maintain—unless it should be made to appear that the city has been negligent in the construction or operation of such fountain, or had allowed ice to remain where it endangered passers-by after notice of the existence of such a danger. No such evidence is before us in the present case. It may be true that the ice about the fountain was due to the overflow of water therefrom and not from what may be called natural causes, such as rain or melting snow. But this was not such an obstruction that notice of its existence can be presumed, merely because it was near the entrance to the city hall. The sidewalk was at least sixteen feet wide, in a much-traveled part of the city. But the fountain was in plain view of passers-by, and the ice also, until covered by a "flurry of snow," which was still falling at the time of the accident.

Nor does it appear that the city had notice that the slight depression in the flagstone caused by the break had become filled with water, or that the defect was such as could be dangerous to passers-by. A mere break in a stone pavement which does not endanger its use under ordinary conditions, does not necessarily require repair, and the failure to so repair it does not of itself and necessarily constitute negligence. Such a broken stone, causing only a slight displacement, may be as serviceable and safe as ever, and there is no evidence that it was not so in this case, and

there is no evidence as to when the break occurred. No notice of any danger from this source can be presumed, and there is no evidence whatever of actual notice. The city was not called upon to remove a possible source of danger of which it had no notice.

The question of the city's negligence was submitted to the jury. We find no reason in this record justifying interference with the verdict. This is not a case where snow or ice had accumulated in ridges or uneven shapes such as would necessarily render passage along the walk dangerous.

It is urged that appellant was shown by the facts and circumstances in evidence in the case to have been in the exercise of ordinary care. This was a question for the jury. The fountain was in plain sight, and according to the testimony "the ice hung from the fountain and there was a little over the edge of the sidewalk." The ice so hanging was not concealed by the light fall of snow, and it would seem should have indicated the possible presence of ice on the sidewalk below and around the fountain.

Objection is made to an instruction to the effect that appellant must prove "by facts and circumstances" that she was actually in the exercise of due care and caution. The language used, so far as it relates to the character of the proof required, is perhaps open to objection, and might have been harmful in the absence of such evidence as that last above referred to. Ordinarily "when the circumstances attending an accident are in evidence, the absence of evidence of fault on the part of the injured party will justify an inference and be accepted as proof of the exercise of ordinary care." C. & A. R. R. Co. v. Crowder, 49 Ill. App. 154–161. But with the evidence given in appellant's behalf that the fountain and the overhanging ice indicating an overflow on the sidewalk were in plain sight, we do not regard the instruction as harmful.

We need not discuss at length the other objections urged to the giving and refusal of instructions. We have carefully considered them and the authorities cited in their support. It is clear that the ice in question did not "obstruct"

the walk.   It rendered more care necessary in passing over it, but it was clearly not an "obstruction" in any sense of the word; and if it had been, the absence of any proof of notice to the city, or of negligence in the construction and operation of the fountain or in the construction of the walk seem to entirely justify the verdict of the jury and the judgment of the court.   We find no reversible error in the record and for the reasons indicated the judgment of the Superior Court must be affirmed.