## City of Chicago v. Catherine McDonald.

### Gen. No. 10,804.

1. SNOW AND OBSTRUCTIONS—*right of municipality to compel removal of.* In Illinois, a municipality cannot, by ordinance, compel the owner or occupant of property to remove snow or keep the sidewalk free from obstructions.

2. SIDEWALK—*duty of municipality with respect to.* A municipality is bound with respect to the accumulation of ice and snow upon its sidewalks only to the exercise of reasonable care to see that they are reasonably safe for persons exercising ordinary care, and this does not mean that a failure to keep sidewalks clear of ice and snow renders it liable to persons who may fall by reason thereof.

City of Chicago v. McDonald.

3. SIDEWALK—*liability of municipality for slippery condition of.* An injury resulting from a mere slippery condition of a sidewalk, as distinguished from an injury resulting from an attempt to pass over or around an obstruction thereof, due to a like cause, does not render the municipality liable.

Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. RUSSELL P. GOODWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed. Opinion filed December 18, 1903.

JOHN E. OWENS, City Attorney, and JOHN T. FLEMING, for appellant; WILLIAM J. STAPLETON, of counsel.

S. F. LYNN, for appellee.

**Satement by the Court.** On January 31, 1898, appellee slipped and fell on a sidewalk in front of 799 and 801 South Halsted street, in the city of Chicago, and sustained injuries for which she had a verdict for $2,000 and judgment thereon, against the city, to reverse which judgment this appeal is prosecuted.

MR. JUSTICE BAKER delivered the opinion of the court.

The sidewalk upon which plaintiff fell was stone, at least ten feet wide, level and free from any defect. Upon the question of damages the verdict was reasonable and there was evidence of both actual and constructive notice to the city of the condition of the sidewalk. From the testimony of plaintiff's witnesses it appears that in front of 799 and 801 South Halsted street, there was, near the center of the sidewalk, ice six inches thick and three feet wide, highest in the middle; that on each side of this ice the sidewalk was free from ice or snow and that there was room for persons to travel along the walk on either side of the ice without passing upon or over it.

The controverted questions of fact in the case are whether there was evidence from which the jury might reasonably and properly conclude that the city was guilty of negligence in not having removed the frozen snow or ice complained of; whether, if negligent, such negligence was the cause of the injury, and whether plaintiff exercised ordi-

nary care for her own safety. In New England and in Wisconsin, there are statutes which in express terms impose upon towns and cities the duty to remove snow and ice from sidewalks. In Illinois, we have never had such a statute. In many of the states a city may by ordinance require the owner of abutting property to remove the snow from the sidewalk in front of his property and keep such sidewalk free from obstructions. In Illinois, a city cannot compel the owner or occupant of property to remove the snow from the sidewalk in front of such property (Gridley v. Bloomington, 88 Ill. 564) nor to keep such sidewalk free from any sort of obstruction (Chicago v. Crosby, 111 Ill. 358).

The condition of the sidewalk in question as described by plaintiff's witnesses is a common incident of an Illinois winter. When snow falls the passers-by make a path usually near the center of the walk, the snow is trodden hard and more or less smooth and is frozen into ice, and remains when the snow which has not been trampled upon is swept, or blown, or melts away. It is estimated that there are in Chicago more than five thousand miles of sidewalks, and it would be singular if at the time of appellee's injury there were not thousands of similar places in the city. The duty of the defendant in respect to the accumulation of ice and snow upon its sidewalks is only to use reasonable care to see that they are reasonably safe for persons exercising ordinary care and prudence. The failure of a city to keep its sidewalks clear of ice and snow does not always render it liable to persons who may fall by reason thereof.

"As is said in Mareck v. Chicago, 89 Ill. 358, 'mere slipperiness of a sidewalk occasioned by ice or snow, not being accumulated so as to constitute an obstruction, is not such a defect as will make the city liable for damage occasioned thereby.'" Metzger v. Chicago, 103 Ill. App. 605, 606.

In the case last cited ice three inches thick extended over a part of the walk, and we said (p. 608): "It is clear that the ice in question did not obstruct the walk. It rendered more care necessary in passing over it, but it was clearly not an obstruction in any sense of the word."

City of Chicago v. McDonald.

In Quincy v. Barker, 81 Ill. 300, there was a strip of ice about one foot wide and four or five inches thick upon which plaintiff slipped and fell, and judgment for the plaintiff was reversed. In the opinion in that case it was said (p. 304): "It is utterly impracticable for a city to keep streets and sidewalks free and clear from ice; and should the corporation be held liable for every accident that might occur from an obstruction of this character, the result might be to bankrupt every incorporated town in the state."

In Nanson v. Boston, 14 Allen, 508, where ice one to three inches thick covered the entire width of the walk it was said (p. 511):

"The sidewalk was made dangerous, not by the accretion, but by the freezing of the snow after being trodden down to a smooth surface. The condition so inevitable an incident of our climate does not, of itself, render the city liable."

In Smith v. Bangor, 72 Me. 250, there was a spot of ice as wide as the sidewalk, six or eight feet long and one to three inches thick upon which plaintiff slipped and fell. In that case it was said that the ice " was in no respect an obstacle to travel except that it made the sidewalk slippery. And we regard it as now well settled that mere slipperiness caused by ice or snow is not a defect for which a town or city is liable." In Gilbert v. Roxbury, 100 Mass. 185, the sidewalk was between five and six feet wide. Snow had fallen which was trodden in a path from two and a half to three feet wide along the middle of the walk marked by occasional foot prints outside of the path. The ice was rough, forming a ridge or rounding up five inches thick in the center and sloping off toward the edges. It was a stronger case for the plaintiff than the case under consideration and yet a verdict for the defendant was directed and the Supreme Judicial Court sustained the direction upon the ground that it was the slippery condition of the sidewalk that alone caused the plaintiff's injury.

In this case it is clear that the snow or ice upon the sidewalk did not obstruct plaintiff's passage along the walk;

was in no sense of the word an obstruction to travel upon the walk. She did not strike her foot against it and fall, nor did she attempt to go around it or climb over it and fall in so doing, but as she herself testified, she stepped upon a piece of ice and her foot slipped, went from under her and she fell. The evidence leaves no doubt in our minds that it was the slippery condition of the sidewalk alone that caused the plaintiff's injury, and for an injury thus caused we hold the defendant, the city of Chicago, is not liable.

In our opinion the verdict of the jury is clearly against the evidence upon another point and that is the exercise of ordinary care by the plaintiff for her own safety. It is true that she says that she had not been over the walk for a considerable time and that it " was kind of dusk," but there is no evidence from which the jury could properly find that the condition of the light had anything to do with her fall. She says she fell at a quarter before five; other testimony makes the hour earlier, none later. The sun set on the 31st of January at 5:12. She testified that she did not see the ice or snow before she fell but that she did after she fell, and she described in detail the appearance of the ice and the sidewalk without any intimation that the light was insufficient, and other witnesses testified to the condition of the walk and to occurrences just after her fall without any intimation that the light was bad. Plaintiff testified that she was passing along the street, that in the window of a dry-goods store she noticed an attraction—a sale of dry-goods and underwear—and turned to go in to the store and did not see a strip of ice which she and her witnesses say was three feet wide and six inches thick. The Supreme Court held in Quincy v. Barker, *supra*, that the plaintiff was guilty of such contributory negligence as to bar his recovery. And the strip of ice in that case was not nearly so large as that described by plaintiff and her witnesses in this case.

A careful examination of this record has led us to the conclusion that the evidence does not show that the defendant was guilty of any negligence which caused or contributed

to the injury of the plaintiff, and that plaintiff was guilty of negligence which contributed to her own injury.

The judgment of the Circuit Court will be reversed.

*Reversed.* ·