## Nellie King, Appellee, v. Nels G. Swanson, Appellant.

### Gen. No. 24,585.

1. MUNICIPAL CORPORATIONS, § 1038*—*liability of individual using sidewalk in personal business for dangerous condition created.* One using a sidewalk in the conduct of his personal business is responsible for a dangerous condition created thereby.

2. MUNICIPAL CORPORATIONS, § 879*—*to whom city streets belong.* City streets, which include the sidewalks, from side to side and from end to end belong to the people, and they primarily have the right to the free and unobstructed use thereof.

3. MUNICIPAL CORPORATIONS, § 918*—*right of abutter to use sidewalk for loading.* Abutters upon the street may use the sidewalk in front of their premises for the purpose of loading and unloading goods or merchandise, and may thus temporarily obstruct the street if it is reasonably necessary to do so.

4. MUNICIPAL CORPORATIONS, § 918*—*what is duty of abutter using sidewalk for loading and unloading goods.* Where an abutter upon the street uses the sidewalk for loading and unloading goods, it is his duty to see that such use does not make the sidewalk dangerous for persons rightfully using it.

5. MUNICIPAL CORPORATIONS, § 1098*—*when judgment against abutter for personal injuries sustained by person falling on icy sidewalk will not be disturbed.* In an action against one to recover for personal injuries received through slipping and falling on ice on the sidewalk in front of defendant's premises, where the evidence tends to show that while there was more or less ice on all of the sidewalk, there was a space 4 feet wide from defendant's premises to the curb which was much more slippery than the other portions of the sidewalk, and that this condition was caused by the dragging of large baskets of clothes between defendant's laundry and the curb, a judgment for plaintiff will not be disturbed.

6. TRIAL—*when counsel for plaintiff in action for personal injuries may state that witness had been sent for.* In an action to recover for personal injuries, it is not error for plaintiff's counsel

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to state that they had wired and sent money to one whom they desired as a witness, where plaintiff had testified that such witness had picked her up from the sidewalk after she fell and received the injuries.

7. APPEAL AND ERROR, § 1538*—*when omission in instruction is not ground for reversal.* While, in an action to recover for personal injuries, it is error to instruct the jury that plaintiff was required to exercise ordinary care for her own safety, and if they believed that she was exercising such ordinary care, she could recover, since such instruction does not tell the jury that they must believe these facts from the evidence, the omission is not ground for reversal where the issues were simple, easily understood and the jury were fully instructed on the point in other instructions.

8. INSTRUCTIONS, § 14*—*necessity of repeating statement as to duty to find facts from evidence.* It is not necessary to tell the jury several times in the same instruction that they must find the facts from the evidence.

9. NEW TRIAL, § 69*—*what newly discovered evidence warrants granting of new trial.* Newly discovered evidence such as will warrant the granting of a new trial must be positive and conclusive and capable of definitely settling the controversy.

10. NEW TRIAL, § 102*—*when motion for new trial on ground of newly discovered evidence is properly denied.* A motion of defendant to grant a new trial in an action to recover for personal injuries on the ground of newly discovered evidence is properly denied where the affidavit submitted shows that the evidence merely contradicts the testimony of plaintiff and of one of defendant's witnesses as to where the accident occurred.

Appeal from the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Affirmed. Opinion filed December 31, 1919.

O. D. OLSON, for appellant.

BENJAMIN B. KAHANE, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plantiff brought suit against defendant to recover damages for personal injuries claimed to have been received by her in falling on the sidewalk in front of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

defendant's premises. There was a verdict and judgment in her favor for $1,000, to reverse which defendant appeals.

The evidence on behalf of plaintiff tended to show that between nine and nine-thirty o'clock in the evening of December 15, the plaintiff was walking along the sidewalk in front of defendant's premises, 156 W. Oak street, Chicago, when she slipped and fell on the icy walk, receiving serious and permanent injuries; that there was more or less snow and ice on all of the sidewalk, but that a strip of the walk about 4 feet in width extending from the curb to defendant's place of business was much more slippery than other portions of the sidewalk; that defendant operated a laundry and large baskets filled with clothing were dragged across the sidewalk which caused the strip about 4 feet in width to be very slippery and dangerous. There was evidence introduced on behalf of defendant that tended to show he kept the sidewalk free and clear of ice in front of his property, and that plaintiff fell, not in front of his property, but a short distance from it. No question is made about the nature or seriousness of plaintiff's injuries nor as to the amount of the judgment.

Defendant contends the declaration does not allege nor does the evidence prove any cause of action against him, for the reason that it is well-settled law that defendant "is not liable for accidents due to a mere icy or slippery condition of the sidewalk" and that the condition of the sidewalk at the time was not an obstruction to travel, and, therefore, no liability was alleged or shown. In support of this contention defendant cites, among others, *City of Chicago v. McGiven*, 78 Ill. 347; *Metzger v. City of Chicago*, 103 Ill. App. 605; *Miklaszewski v. City of Chicago*, 194 Ill. App. 614. In the *McGiven* case, it was held that the city was not liable for injuries received by plaintiff in slipping on a piece of heavy plate glass in the surface of the sidewalk, there being evidence

that no accident would have occurred had not the glass been covered with snow. The court there said (p. 352) : "The mere slipperiness of a sidewalk, occasioned by ice or snow, not being accumulated so as to constitute an obstruction, is not such a defect as will make the city liable for damages occasioned thereby." In the *Metzger* case, it appeared that the weather was severely cold and that a thin coating of ice formed on a part of the sidewalk, caused by an overflow of water from a fountain maintained by the city, and a light snow had fallen. It was held that no recovery could be had for injuries occasioned by slipping on the ice. The court said (p. 607) : "Nor do we think it (the city) can be held liable where water is splashed over or escapes from a drinking fountain on the edge of a walk—an entirely proper thing for a city to maintain—unless it should be made to appear that the city has been negligent in the construction or operation of such fountain, or had allowed ice to remain where it endangered passers-by after notice of the existence of such a danger." The court there further held that there was no evidence tending to show notice to the city. In the *Miklaszewski* case, it was held the plaintiff could not recover for personal injuries received by falling on a slippery sidewalk, the condition of the sidewalk having been caused by the city piling snow in a vacant lot, the snow having later melted, ran down on the sidewalk and froze, and it was there said that no recovery could be had where the slipperiness of the sidewalk was caused by the presence of ice or snow whether due to artificial or natural causes.

We think these cases are not in point. In the instant case the injury was brought about by reason of the fact that defendant used the sidewalk in the conduct of his personal business, and such being the case he was responsible for the dangerous condition which he created. *Garibaldi & Cuneo v. O'Connor,* 112 Ill. App. 53; same case 210 Ill. 284; *Mullins v. Siegel-*

*Cooper Co.,* 95 N. Y. App. Div. 234; *Grinage v. Mc-Glincky,* 62 Pa. Sup. Ct. 294; *Reedy v. St. Louis Brewing Ass'n,* 161 Mo. 523. The streets of a city from side to side and from end to end belong to the people, and they primarily have the right to the free and unobstructed use thereof. The sidewalks are part of the street. It is true that abutters upon the street may use the sidewalk in front of their premises for the purpose of loading and unloading goods or merchandise, and may thus temporarily obstruct the use of the street, providing it is reasonably necessary to do so. But where an abutter does so, it is his duty to see that such use does not make the sidewalk dangerous for persons rightfully using it. In the instant case, the evidence tended to show and the jury have found that the use made of the sidewalk by the defendant in the conduct of his personal business rendered the sidewalk unsafe and, therefore, he is responsible.

Defendant also argues that the preponderance of the evidence does not show that the accident took place in front of his property and, since it was claimed that he used the sidewalk only in front of his property, the verdict is wrong. This court is not at all concerned with the question of the preponderance of the evidence. That question is important only in the trial court. In this court the verdict should not be set aside unless it is against the manifest weight of the evidence. It would serve no useful purpose to discuss the evidence in this record, but after a careful consideration of it we do not feel warranted in disturbing the verdict of the jury.

Defendant further complains of the statement made by counsel for plaintiff on the trial of the case to the effect that they had wired and sent $50 to one Adams whom they desired as a witness. Plaintiff had testified that Adams picked her up after she fell on the sidewalk, and in these circumstances it was proper for her counsel to account for his absence, for if this were not done, defendant's counsel could mention this fact in his argument to the jury.

Complaint is made to the giving of instructions Nos. 1, 2, 3 and 5 on behalf of plaintiff. Instruction No. 1 told the jury that the burden was on the plaintiff to prove her case by a preponderance of the evidence, and has been approved many times. The complaint to instruction No. 2 is that it told the jury plaintiff was required to exercise ordinary care for her own safety, and if they believed that she was exercising such ordinary care, she could recover. It did not tell the jury that they must believe those facts from the evidence. It was error to omit this element but the issues were very simple, easily understood, and the jury were fully instructed on this point in other instructions. We think the jury were in no way misled, nor was the defendant in any way injured. Complaint to instruction No. 3 is that it tells the jury in the first part "if they find from the evidence," and in the latter part this is omitted. We think it is not necessary in the same instruction to tell the jury several times that they must find the facts from the evidence. The fifth instruction was on the question of the amount of damages, if any. It was not improper. *Chicago & M. Elec. Ry. Co. v. Ullrich,* 213 Ill. 170. We think the jury were fully instructed and clearly understood the issues, which were very simple.

It is finally urged that the court should have granted a new trial on the ground of newly discovered evidence. The affidavit of Adams was submitted on the motion for a new trial. He was the same person plaintiff sought to have present and testify in her behalf. In the affidavit it is stated plaintiff did not fall in front of defendant's property, but that the accident occurred in front of 164 West Oak street. It has long been established law that newly discovered evidence such as will warrant the granting of a new trial must be positive and conclusive and capable of definitely settling the controversy. *Martin v. Ehrenfels,* 24 Ill. 187. The affidavit simply contradicted the testimony

of plaintiff and also the testimony of the witness Sundstrom, who testified on behalf of defendant as to where the accident occurred. Other matters appear from the affidavit and from a letter which Adams wrote plaintiff, but these would render anything he would testify to very untrustworthy. We think the court acted in accordance with the established law in denying the motion for a new trial. The judgment of the Circuit Court of Cook county is affirmed.

*Judgment affirmed.*