## Lanah Barker, Appellee, v. City of Rockford, Appellant.

### Gen. No. 7,514.

1. MUNICIPAL CORPORATIONS—*liability for injury due to slipperiness of sidewalk because of ice or snow.* Mere slipperiness of a sidewalk occasioned by ice and snow is not such a defect as will render a muncipality liable for damages occasioned thereby.

2. MUNICIPAL CORPORATIONS—*existence of icy ridges and hillocks as prerequisite to liability for injury by icy sidewalk.* In order that a city shall become liable for injuries due to the icy condition of its sidewalks it is necessary that the ice be in the form of hillocks and ridges forming an obstruction thereon.

3. MUNICIPAL CORPORATIONS—*source of icy condition of sidewalk as affecting liability for injury thereby.* It is immaterial, for the purpose of determining the liability of a city for damages due to the icy condition of its sidewalks, whether such condition is due to natural or artificial means.

4. MUNICIPAL CORPORATIONS—*knowledge of conditions causing icy sidewalk as affecting liability for injury thereby.* No liability can be predicated against a city for injuries due to a fall upon an icy sidewalk where the ice was perfectly smooth and not in ridges or hummocks, and had formed there but a few hours prior to the injury, although the source of the ice was water running from the downspouts of a building, and although the city had notice of the existence of such downspouts and that they had previously caused ice to form at this place.

Appeal by defendant from the Circuit Court of Winnebago County; the Hon. EARL D. REYNOLDS, Judge, presiding. Heard in this court at the April term, 1925. Reversed. Opinion filed January 6, 1926.

GEORGE T. LIDDELL, City Attorney, and DAVID D. MADDEN, Corporation Counsel, for appellant.

A. PHILIP SMITH and ROY F. HALL, for appellee.

MR. JUSTICE PARTLOW delivered the opinion of the court.

Appellee, Lanah Barker, began suit in the circuit court of Winnebago county against the City of Rockford, J. Frank Deuel and George W. O'Shay for personal injuries. There was a trial by jury, a verdict in favor of Deuel and O'Shay, and a verdict and judgment against appellant, the City of Rockford, for $1,200. An appeal has been prosecuted by appellant, the City of Rockford, and a writ of error was sued out of this court by appellee, Lanah Barker, against Deuel and O'Shay. The appeal and writ of error were consolidated but subsequently the writ of error was dismissed upon motion of Deuel and O'Shay so the case is to be heard only upon the appeal, and no errors urged under the writ of error will be considered.

The evidence shows that Deuel and O'Shay for many

years were the owners of a store building at the northeast corner of West State and North Winnebago streets, in the City of Rockford. The building was 60 feet long and 20 feet wide. Attached to the building were two downspouts, one 5 inches in diameter and the other 2 inches in diameter, which discharged all of the water from the roof to the sidewalk west of the building and across the sidewalk to the gutter. From March 15 to 18, 1923, 14 inches of snow fell. The temperature during the most of this time was above freezing, but on the night of March 18, the temperature was below freezing. The snow upon the roof melted and the water came through the downspouts, flowed across the sidewalk and froze forming a thin smooth surface from the bottom of the downspouts to the gutter. On the morning of March 18, a light snow fell upon this ice. Between nine and ten o'clock in the morning, appellee and her husband walked down North Winnebago street to the place in question. Appellee stepped upon the snow not knowing there was ice under it, slipped, fell, and broke the small bones in her wrist and some of the other bones were injured. She was seriously and, it is claimed, permanently injured. Prior to the accident she was the proprietor of a beauty parlor, and was actively employed in its management. After the accident it was impossible for her to pursue that work with the injured arm. Evidence by various witnesses was that these downspouts had been in this condition for several years and that ice had formed upon the sidewalk in prior years and several witnesses testified to having slipped on the ice. One witness, who occupied a building next door, testified that she had complained to Deuel with reference to the condition and asked him to fix it. Under the sidewalk at the rear of the building was a boiler room 13 feet north and south, and 19 feet east and west, in which there was a large boiler. It was contended that on account of the heat from the boiler

the snow usually melted as fast as it fell. It is contended by appellee that the fires in the boiler were banked in the evening and were not started in the morning in time to melt the snow and ice until late in the morning.

The sole question, which is one of law, is whether, under the facts, there was a right of action against the city. Cases are cited by appellee from other jurisdictions holding that under similar facts there is a cause of action against a municipality. It is not necessary, however, to go to other jurisdictions to ascertain the law, for the reason that the question has been before the courts of this State on many occasions and the decisions are not in conflict.

It has been held that mere slipperiness of a sidewalk occasioned by ice and snow is not such a defect as will make the municipality liable for damages occasioned thereby. *City of Chicago v. McGiven,* 78 Ill. 348; *King v. Swanson,* 216 Ill. App. 294; *City of East Dubuque v. Brugger,* 118 Ill. App. 421; *City of Chicago v. McDonald,* 111 Ill. App. 436; *City of Aurora v. Parks,* 21 Ill. App. 459; *Village of Gibson v. Johnson,* 4 Ill. App. 288. In order for a city to be liable for the icy condition of its sidewalk it is necessary that the ice must be in the form of an obstruction to the sidewalk and must be in hillocks or ridges, and the city is not liable if the ice is perfectly smooth. *City of Quincy v. Barker,* 81 Ill. 300; *Eppley v. City of Chicago,* 221 Ill. App. 111; *Dracass v. City of Chicago,* 193 Ill. App. 75; *Powers v. City of Chicago,* 20 Ill. App. 178; *City of Macomb v. Smithers,* 6 Ill. App. 470. Appellee contends that this rule of law only applies where the snow and ice has been cast upon the sidewalk by the elements in their natural course and does not apply where the ice gets onto the sidewalk as the result of human agency. This contention is not sustained by the authorities, and it has been held that it is immaterial whether the slipperiness is caused by

natural or artificial means. *Miklaszewski v. City of Chicago*, 194 Ill. App. 614; *Metzger v. City of Chicago*, 103 Ill. App. 605; *Mareck v. City of Chicago*, 89 Ill. App. 358; 28 Cyc. 1374.

The evidence shows that the ice on this sidewalk was perfectly smooth. This fact is testified to by both appellee and her husband. The husband testified that it was only about an inch thick and some places not that thick. It is not contended that it was an obstruction or that it was in hillocks or ridges. In fact, the declaration is not drawn upon that theory, but is drawn upon the theory that Deuel and O'Shay wrongfully caused the water to be cast upon the sidewalk, that it froze and formed a slippery place, and that the city was liable because it had notice of these downspouts because of their long existence. This ice had formed during the night before the accident and had been in existence only a few hours prior to the injury. There could be no notice to the appellant that this particular ice was in existence, but if there was notice to appellant at all it was by reason of the fact that similar conditions had existed at prior times. Under the authorities cited there was no cause of action against appellant.

The court was in error in rendering judgment against the city and it will be reversed.

*Judgment reversed.*