Frances C. Hobbs, Appellant, v. City of Chicago, Appellee.

Gen. No. 32,432

184

Opinion filed March 26, 1928.

E. H. ARNOLD and CHARLES H. MITCHELL, for appellant.

SAMUEL A. ETTELSON, Corporation Counsel, and WILLIAM D. SALTIEL, City Attorney, for appellee; E. MARSHALL AMBERG and ROY S. GASKILL, Assistant Corporation Counsel, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

By this appeal plaintiff seeks the reversal of an adverse judgment upon a directed verdict on the trial of a suit brought by her to recover compensation for injuries received, owing, as she alleges, to the negligence of defendant with reference to its sidewalk in front of number 8718 South Morgan street, Chicago.

In the first count of her declaration plaintiff alleged that the city negligently suffered a longitudinal depression at or near the center of the sidewalk and that water and falling snow would accumulate therein and freeze, causing this portion of the sidewalk to become slippery, and that plaintiff, while in the exercise of due care for her own safety and lawfully upon the walk at the place aforesaid, fell by reason of said

slippery, icy and dangerous condition of the sidewalk, receiving injuries. The second count charged generally that defendant suffered the sidewalk in question to be in bad repair and slippery from snow and ice.

Plaintiff testified that on the morning of March 7, 1926, she was passing on the sidewalk in front of number 8718 South Morgan street; that the sidewalk there was "in bad condition, cracks and bad depressions and ice had formed there"; that the morning was blustery and snowy; that she tried to step over the ice, when a strong wind came, and in trying to keep her balance she slipped "on this hummock of ice there" and fell; that her cape blew up so that it prevented her seeing and that she threw up her arm to protect her hat from blowing off, when she lost her balance. She testified that the ice there was "a saucer-shaped depression in the sidewalk that held this ice moisture"; that the surface of this ice was smooth like glass.

Another witness testified that at this point there were "distinct depressions in the sidewalk" and that water froze in these depressions. Thomas N. Kelly was the first one to reach and assist plaintiff after she fell. He said that the entire sidewalk was not covered with ice, but that there was a patch of ice, apparently "two or three feet." Plaintiff also testified that the walk was not all covered with snow.

Injuries to persons caused by slipping and falling on the ice or snow on sidewalks are not infrequent and have given rise to a considerable number of lawsuits. The opinions in these are not altogether harmonious but they seem to agree as to one or two general principles: First, that mere slipperiness of a sidewalk occasioned by ice and snow is not such a defect as will make a municipality liable for damages occasioned thereby. *City of Chicago v. McGiven*, 78 Ill. 347; *King v. Swanson*, 216 Ill. App. 294; *City of East Dubuque v. Brugger*, 118 Ill. App. 421; *City of Chicago v. McDonald*, 111 Ill. App. 436; *City of Aurora v. Parks,*

21 Ill. App. 459; *Village of Gibson v. Johnson*, 4 Ill. App. 288. But where the ice forms hillocks or ridges amounting to an obstruction, and the city, after due notice, suffers this condition to continue, it is liable. *City of Quincy v. Barker*, 81 Ill. 300; *Eppley v. City of Chicago*, 221 Ill. App. 111; *Dracass v. City of Chicago*, 193 Ill. App. 75; *Powers v. City of Chicago*, 20 Ill. App. 178; *City of Macomb v. Smithers*, 6 Ill. App. 470.

It has also been held that it is immaterial, so far as freedom from liability of a city is concerned, whether or not the slipperiness is caused by natural or artificial means. *Miklaszewski v. City of Chicago*, 194 Ill. App. 614; *Metzger v. City of Chicago*, 103 Ill. App. 605; *Mareck v. City of Chicago*, 89 Ill. App. 358; 28 Cyc. 1374.

In *Barker v. City of Rockford*, 239 Ill. App. 528, the plaintiff recovered a judgment for damages from injuries because of a fall on a slippery sidewalk. The condition was aggravated by the downspouts from an adjoining building which discharged water from the roof across the sidewalk to the gutter. The opinion, after stating the law as above and citing many cases, reversed the judgment on the ground that the slippery condition did not amount to an obstruction and was not in hillocks or ridges. Plaintiff relies on *Loyd v. City of East St. Louis*, 235 Ill. App. 353, where it appeared that the owner of the property which abutted on the sidewalk maintained a downspout which threw rain from the roof directly on the sidewalk, which consisted of cinders, and that the force of this water washed out depressions across the walk; that the plaintiff slipped on ice concealed by a slight sprinkling of snow in one of these depressions which was several inches deep and at least a foot wide. There the judgment against both the city and the abutting owner was sustained on the ground that the property owner maintained a nuisance in front of his property and the city was liable for failing to abate said nuisance. We

think that counsel for the defendant has correctly distinguished this case as being based on the charge in the declaration that the city failed to abate a nuisance, and not on the theory that water freezing in a depression in the sidewalk, causing smooth ice, constitutes liability. This opinion is not in conflict with the rule that cities are not liable for the mere slippery condition of the sidewalk.

Applying these considerations to the instant case, there was a small patch of smooth ice on the sidewalk running two or three feet with the sidewalk. There is no evidence as to its width or depth. It did not amount to an obstruction and was not in the form of hillocks or ridges. There is no evidence as to how long the patch of ice at this place had existed. Plaintiff testified that it had been snowing just a short while before she fell. This ice was in plain view of the plaintiff who was walking around it when a high wind caused her to loose her balance and slip. In the wintertime such bits of smooth ice on the sidewalks in Chicago are almost universal. It would be unconscionable to hold the city liable to everyone who might be injured by slipping and falling because of them. From the very nature of the case, the city cannot be held liable for the slipperiness of the ice on the sidewalk and could not possibly prevent such patches.

Under the law there is no liability in this case, and the peremptory instruction to find the defendant not guilty was proper and the judgment is affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.