Frank Casper, Appellant, v. City of Chicago, Appellee.

Gen. No. 42,447.

Opinion filed September 27, 1943.

Robert E. Dowling, of Chicago, for appellant.

Barnet Hodes, Corporation Counsel, for appellee; James A. Velde and L. Louis Karton, Assistant Corporation Counsel, of counsel.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

Plaintiff brought an action against defendant to recover damages for personal injuries claimed to have been sustained by him on account of the negligence of defendant in permitting a sidewalk to remain in a defective condition, covered with ice and snow which had formed into hillocks and ridges. There was a jury trial and a verdict in plaintiff's favor for $15,000. The defendant filed its motion for judgment notwithstanding the verdict and its alternative motion for a new trial. The motion for a new trial was overruled, the motion for judgment *n. o. v.* was allowed and plaintiff appeals.

The theory of plaintiff is that the city negligently permitted a defective and dangerous condition to exist

in the sidewalk; that such defect caused snow and ice to accumulate on the sidewalk and to form into ridges which were allowed to remain for a long time, that plaintiff, in walking over this, slipped and fell and was seriously injured. Defendant's theory of the case is that there was no defect in the sidewalk; that the presence of snow and ice on the sidewalk was the result of unusual weather conditions for which the city was not liable.

The evidence tends to show that the sidewalk in question was of cement construction. There is a photograph of it in the record and a mark made thereon by the plaintiff during the trial, indicating the place near which plaintiff fell and, which plaintiff contends, shows the sidewalk was defective.

The accident occurred February 3, 1939, in front of the premises known as 2117 N. Cleveland avenue, Chicago, which is a built up section of the city for residence and rooming house purposes. The evidence is further to the effect that from January 30, 1939, to February 3, snow fell almost daily. There was a fall of 14.9 inches on January 30, within a period of 14 hours. The official weather report shows that this fall of snow broke all Chicago records for a 24-hour period. On February 3, the depth of the snow on the ground was 7.2 inches.

Counsel for plaintiff contends that the evidence shows the sidewalk was cracked and in a defective condition which caused snow to accumulate on the sidewalk. The evidence is further to the effect that the sidewalk at the time and place plaintiff fell was covered with snow to a depth of from 4 inches to 2½ feet, according to the various witnesses, and that as a result of the thawing and freezing of the snow it had become icy and was rough and uneven.

Counsel for plaintiff contends that whether the sidewalk was defective as a result of which snow and ice accumulated, and whether it was in hillocks and uneven

and slippery, as a result of which plaintiff was injured, were questions for the jury; that the city is liable where snow accumulates on the sidewalk and is in hillocks and ridges as a result of which a person slips, falls and is injured and that this rule has been established by many decisions of this court and the Supreme Court and has not been overruled or modified by our Supreme Court in the case of *Graham v. City of Chicago,* 346 Ill. 638, aff'g 260 Ill. App. 590, or *Strappelli v. City of Chicago,* 371 Ill. 72, rev'g 295 Ill. App. 469.

In *Mareck v. City of Chicago,* 89 Ill. App. 358, it was held that mere slipperiness of a sidewalk occasioned by snow or ice would not make a municipality liable but if ice and snow were permitted to accumulate on the sidewalk in uneven ridges or hillocks so as to render passage dangerous, the city would be liable in case one was injured who was in the exercise of due care, and a number of Supreme Court cases are cited, analyzed and discussed by Mr. Justice SEARS, who delivered the opinion of the court. But we think that rule is not now the law in this State. The law is that where the accumulation of ice and snow is from natural causes, although by usage it is uneven and in hillocks, the city is not liable. This is the rule as we understand it laid down in the *Graham* and *Strappelli* cases.

In the *Graham* case, the court said: "What, if any, duty devolves upon a city to remove ice from its sidewalks is a subject of a great variety of opinions, and because of this divergence of views a number of different and contradictory statements of the law have been laid down in the various jurisdictions. However, there is one rule which is almost universal. That is, a city is not liable for injuries resulting from the general slipperiness of its streets and sidewalks due to the presence of ice and snow which have accumulated as a result of natural causes. . . . In view of the generality of ice and snow in the winter time, the doctrine has become quite prevalent that it would be an unrea-

sonable requirement to compel a municipality to remove them from walks and streets.'' The court then cites authorities in which it was held that the liability might attach to a city for failure to remove ice and snow from the sidewalks if the accumulation was in ridges or hillocks and then continues: ''The decisions in the various jurisdictions upon this question of liability are so varied and numerous that it would be impracticable for us to attempt to analyze them or to harmonize them, but we have reached the conclusion that the reason which underlies the rule exempting cities from liability because of damages from slippery ice is that of necessity. It is grounded on the fact that it is unreasonable to compel a city to expend the money and perform the labor necessary to keep its walks reasonably free from ice and snow during winter months. Especially is it true in this latitude. But the rule must be predicated on the formation of ice from natural causes, for it would be neither unreasonable, impracticable nor expensive, as a general proposition, to compel the removal of ice from sidewalks which was produced by artificial causes. It is the generality of a situation resulting from natural causes that gives rise to the rule.'' The language of this opinion was quoted in the *Strappelli* case. The court in that case said: ''In a comparatively recent decision, *Graham v. City of Chicago,* 346 Ill. 638, this court reviewed at length the conflicting authorities relating to the general liability of cities for removal of snow and ice from streets and sidewalks. We there laid down a general rule applicable to such cases.'' Then follows a quotation from the *Graham* case. And continuing the court said: ''The snow and ice on the safety island in question accumulated as a result of natural causes and the condition was undoubtedly a general one throughout the city on the day of the injury. Snow when trampled upon by many pedestrians and when subjected to alternate thawing into slush and freezing forms itself, when

frozen hard, into irregular mounds which become slippery and difficult at times to walk upon. This condition is general during wintertime throughout Illinois. As held by us in the *Graham case*, this prevalent condition produces the reason of necessity which underlies the rule exempting cities in this latitude from liability for injuries on city streets and sidewalks, when the presence of snow and ice is the result of natural causes."

In the instant case we think the evidence is all to the effect that the accumulation of snow and ice on the sidewalk into hillocks and ridges was the result of natural causes and the court did not err in entering judgment *n. o. v.*

The judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*

MATCHETT and NIEMEYER, JJ., concur.