## Elizabeth Terry, Appellee, v. City of Chicago, Appellant.

### Gen. No. 42,778.

Opinion filed October 25, 1943.

BARNET HODES, Corporation Counsel, for appellant; J. HERZL SEGAL, LOUIS H. GEIMAN and L. LOUIS KARTON, Assistant Corporation Counsel, of counsel.

ARTHUR GROSSMAN and LEVISOHN & LEVISOHN, all of Chicago, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal the City of Chicago seeks to reverse an order entered by the circuit court of Cook county, awarding plaintiff a new trial in a personal injury case.

The record discloses that on July 14, 1939, plaintiff filed her complaint against the city to recover damages for personal injuries which she alleged resulted from the city's failure to keep the sidewalks in a reasonably safe condition for public travel. There was a jury trial which resulted in a disagreement. There was a second trial and a verdict in favor of defendant.

Afterward the court awarded plaintiff a new trial. We granted the city leave to appeal.

The evidence is to the effect that about 4 o'clock, on the afternoon of February 2, 1939, plaintiff was walking east on the south sidewalk of Dakin street, approaching her home at 931 Dakin street. She had been shopping and had a package of groceries in her arms. There had been a great deal of snow from January 28 to the day of the accident. We had occasion to consider the same heavy snow fall in *Casper v. City of Chicago*, 320 Ill. App. 269, opinion filed September 27, 1943.

The evidence in the instant case further shows that the sidewalk in front of 931-935 Dakin street had been cleared of snow. On each side of the sidewalk, the parkway and the lawn were covered with several feet of snow.

Plaintiff testified that at the time in question she was living at 931 Dakin street, about 40 feet from where she was hurt; that "I caught my heel in a ridge of ice which threw me," as a result of which she was injured.

Defendant offered in evidence a photograph showing the sidewalk and its condition at the place plaintiff testified she fell. Plaintiff's counsel objected to the introduction of this photograph, the objection was overruled and it was received in evidence. After the verdict was returned in defendant's favor, plaintiff moved for a new trial and in its motion specified six counts: "1. The verdict is against the weight of the evidence. 2. The verdict is against the law. 3. The verdict is against the law and the evidence. 4. The Court admitted improper and illegal evidence offered by defendant over the objection of the plaintiff. 5. The Court improperly admitted into evidence on behalf of defendant, a certain photograph. 6. The attorney for defendant in his argument to the jury made improper remarks."

The court on April 18, 1943, disposed of defendant's motion for a new trial, which was some days after the motion was filed. In doing so, the record discloses the following: "The Court: I have been going over this motion for a new trial. You never told me, Mr. Albert [attorney for the City] when those photographs were taken and I don't even know now when they were taken. Mr. Albert: The court did not commit any error in admitting it in evidence. The Court: Well, I am not so sure about that and I think the court committed an error in admitting this exhibit in evidence. Why don't you lawyers get together and settle this case. Mr. Albert: Judge, this is not the type of a case the city is willing to settle and we don't believe there is any liability on the part of the city. The Court: Well, I am making up my mind right now, I am going to grant a new trial in this case."

The only point made by counsel for the city is that the photograph was properly admitted in evidence. When plaintiff and another witness were shown this photograph before it was offered in evidence they testified in substance that it correctly represented the condition of the sidewalk at the time of the accident. In this circumstance, obviously it was admissible in evidence regardless of when it was taken.

Plaintiff, after being shown the photograph, testified: "With the exception of the snow and icy ridges which are not there it shows the depression in the slab there. Right there (marking with a cross) is where I fell."

The order of the circuit court of Cook county granting plaintiff a new trial, is reversed and the matter remanded with directions to overrule the motion for a new trial and to enter judgment on the verdict. *Scott v. Freeport Motor Casualty Co.*, 379 Ill. 155.

*Reversed and remanded with directions.*

NIEMEYER and MATCHETT, JJ., concur.