(No. 5759-)

WILLETT ELMORE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 29, 1976.*

C. ROBERT YELLIN , Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; EDWARD L. S. ARKEMA, JR., Assistant Attorney General, for Respondent.

PERLIN, C. J.

This is an action to recover for personal injury and property damage sustained by Claimant in a head-on automobile collision on January 2, 1969. The accident occurred on County Line Road in Highland Park, Illinois, a two lane, undivided roadway. The parties have agreed that the road was under the jurisdiction and control of Respondent at the time of the accident.

Claimant asserts that her injuries were proximately caused by the failure of Respondent to properly maintain the road. Specifically, she alleges that her automobile struck a large hole in the road, which caused it to skid into the lane of oncoming traffic. Respondent contends that the road was properly maintained, and that Claimant's own negligence was the proximate cause of her injuries.

At about 7:55 a.m. on January 2, 1969, Claimant was driving in an easterly direction on County Line Road with two passengers in her car. Traffic was light, and visibility was good. Claimant was very familiar with the road, having driven it daily for several years prior to the accident.

There had been a heavy snowfall for several days prior to January 2, 1969. Two days before the accident State employees had plowed County Line Road. The plowing resulted in snow being pushed to the sides and shoulders of the road, making the shoulders impassable to traffic. There was a snowfall after the road was

plowed, and automobile traffic wore ruts in the accumulated ice and snow in both the eastbound and westbound lanes.

Claimant testified that County Line Road was slippery on the day of the accident, and that she was travelling about 10 miles per hour because of the road conditions. She said that at about the 500 block of County Line Road her car struck a large deep hole which caused it to slide into the lane of oncoming westbound traffic and collide with an automobile driven by one James Levy.

Claimant said that she saw the Levy car when she was about two blocks west of the accident site. She said that she did not apply her brakes between the time she first observed the car and the collision because, "we were going so slow."

Claimant described the hole she said she struck as being four feet wide, three feet long, and about six inches deep. She said that it was located in the approximate center of the street. Claimant further testified that she "knew [the hole] was there all the time," as she had seen it on many previous occasions. She said she had first seen it about two months before the accident, and that it had been her practice to drive around the hole. She said she was unable to do so on the day of the accident because the shoulders of the road were impassable because of the accumulation of snow.

Claimant was hospitalized for six days as a result of the accident. She suffered a broken nose and a whiplash injury, and claims a loss of earnings as well as property damage to her car.

Sargent John Dunn, a Highland Park police officer, arrived at the scene of the accident shortly after the occurrence. He described County Line Road as being in

"very bad" condition with deep ruts in the hard packed snow which covered the street. He also said that the road was narrowed to 18 to 20 feet because snow had been plowed to the sides and shoulders.

Dunn frequently drove past the accident site during the course of his duties. He acknowledged having received complaints from Highland Park residents about the condition of the road but had no personal knowledge as to whether the complaints were transmitted to the State of Illinois. Asked whether there were any holes in the road at the accident site other than the ruts in the packed snow, Dunn said, "I believe there were some because I believe there was some construction going on at the time of the accident." However, Dunn was unable to recall whether the construction began before or after the accident and did not recall observing any construction warning signs at the accident site.

James Levy, the driver of the vehicle that collided with Claimant's car, was the sole witness to testify on behalf of Respondent. Levy was a Highland Park resident who drove past the accident site daily on his way to and from work. He said that County Line Road was a little icy and rutty on the day of the accident, and that it was somewhat narrower than usual because plowed snow had been pushed to the sides of the road.

Levy first saw Claimant's car when it was about one-half block from his car. He estimated that Claimant was traveling 10 to 15 miles per hour. Levy said he was travelling about 5 miles per hour as he approached Claimant's vehicle, and that he would not have been in control of his car had he been driving any faster. Levy said that Claimant's car began sliding into his lane when it was one to two car lengths from his car.

Levy did not recall seeing any chuck holes or pot holes in County Line Road at the accident site.

In *Emm v. State, 25 Ill.Ct.Cl. 213(1965),* this Court held that the State must keep roads under its jurisdiction and control in reasonably safe condition. In order for Claimant to prevail in this action she must prove by a preponderance of the evidence that the State breached this duty; that she was free of contributory negligence; and that the negligence of Respondent proximately caused her injuries.

We must first determine whether Claimant has proven Respondent's negligent failure to maintain County Line Road. Claimant testified to the existence of a large hole in the street which she alleges caused her car to slide into the path of the Levy vehicle. However, both James Levy and Officer Dunn, unbiased witnesses with no interest in this cause, testified that they did not recall seeing a hole in the pavement at the accident site. Both had ample opportunity to examine the road since both travelled it daily, and James Levy was particularly certain that he did not observe a defect in the pavement.

We think it highly improbable that both Levy and Dunn would overlook a hole as large as that which Claimant testified existed in County Line Road. Given the fact that all witnesses agree that County Line Road was studded with ruts worn by traffic in packed snow and ice, we think it most probable that Claimant's car struck a large rut created by the wear of traffic on the snow packed road.

It is well established that the State is not liable for injuries resulting from the natural accumulation of snow on a road or for injury caused by traffic wearing on the snow causing ruts and ridges on the road surface. *Strapelli v. City of Chicago, 371 Ill. 72; Casper v. City of Chicago, 320 Ill. App. 269, 271.*

We, therefore, hold that Claimant has not established a breach of duty on the part of Respondent.[1]

Furthermore, we think the record establishes that Claimant was not in the exercise of due care for her own safety at the time of the accident. Claimant testified that she was driving 10 miles per hour when she saw the Levy car but did not slow down until the collision. Yet Claimant knew that the road was slippery, that the shoulders of the road were impassable and, most significantly, that there was a large rut at the accident site. This is very clear from Claimant's own testimony:

Q. Did you at any time that morning see this rut before the collision?

A. Yes, because I know (sic) it was there all the time.

Q. Approximately how far from the rut were you when you became aware of it that morning?

A. Well, I couldn't say where I was because I knew the rut was there.

☆ ☆ ☆

Q. You had driven over this hole before, had you not?

A. Right.

Q. What happened on previous occasions when you drove over it?

A. Well, sometimes I would go around it. Either there wouldn't be as much snow, and you would get over on the shoulder.

Q. Had you ever actually driven into it prior to January 2, 1969?

A. No.

1. It should be noted that even if we were to find that Claimant had proven the existence of a hole in the pavement, Claimant has presented no evidence to show that Respondent had either actual or constructive notice of the defect. In the absence of such proof, the State would not be liable for injuries caused by the defect. See, *Visco v. State, 21 Ill.Ct.Cl. 480; Pyle v. State, Ill.Ct.Cl., No. 5343.*

Q. You were aware of the rut that was there before you hit it?

A. Yes.

We think that these facts conclusively show that Claimant did not exercise reasonable caution. She was fully aware of the existence of the alleged rut and saw the oncoming Levy car, yet drove directly into the rut without even attempting to slow her car. Reasonable prudence would have dictated that she at least reduce her speed as she knew that she could not drive around the rut because of the accumulation of snow on the shoulder of the road. Her failure to take this elemental precaution, knowing the condition of the road, certainly was at least a contributing cause of the accident.

In *Vanda v. State, 25 Ill.Ct.Cl. 213, 218,* this Court said, "A party has no right to knowingly expose himself to danger, and then to recover damages for an injury which he might have avoided by the exercise of reasonable and ordinary care." We think that language accurately describes Claimant's position, and this claim is accordingly denied.